Merkel *v.* Janiszewski, Appellant.

Argued September 29, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE, and ERVIN, JJ. (GUNTHER, J., absent).

*Robert I. Cottom,* with him *Matten & Matten,* for appellant.

*George R. Eves,* for appellee.

OPINION BY HIRT, J., November 16, 1955:

In this action for damages resulting from an intersection collision of two motor vehicles the jury found

for the plaintiff. The application of settled law compels a reversal of the judgment in favor of plaintiff and the entry of judgment for the defendant n.o.v. Plaintiff's own positive testimony as to how the collision occurred convicts him of contributory negligence barring recovery by him.

In the early afternoon of February 12, 1953, a clear dry day, plaintiff was driving a Chevrolet truck westwardly on Robeson Street in the City of Reading. As he approached the intersection at Tenth Street, a through highway, he stopped his truck with the front wheels at the curb, as he was bound to do because of a stop sign on Robeson Street just east of the intersection. From that point he had an unobstructed view both to the north and to the south on Tenth Street and he looked first to his left and then to his right. There was no northbound traffic but he observed the defendant's car traveling southwardly in Tenth Street toward Robeson Street, and when he first saw it it was about 250 feet north of the intersection. With notice of the approaching car driven by the defendant he nevertheless proceeded into the intersection and he testified that he did not look to his right again until after he heard the screech of defendant's brakes. He then had passed the middle line of Tenth Street directly in front of defendant's car in the intersection, and a collision was inevitable. There can be no doubt as to the failure of plaintiff under his own unequivocal testimony to look to his right for southbound traffic on Tenth Street before reaching the middle of the intersection.[1]

---

[1] He testified on cross-examination: "Q. Now, I believe you testified on direct examination, in answer to Mr. Woerle's question, that after you saw Mr. Janiszewski's car coming to your right down the street, you started out and you didn't see him again until after you were hit. Is that correct? A. That is right. Q. And that was because you hadn't looked again? Is that right? A. Not after I

The degree of care required of the driver of a vehicle in a street intersection can no longer be questioned. In *Riley v. McNaugher,* 318 Pa. 217, 178 A. 6, a leading case involving the care required of the driver of an automobile in crossing a through highway, the rule was enunciated in this language: "An automobile driver does not do his whole duty, when about to cross another highway, by taking one look and then moving forward. He must continue to look while crossing, and a failure so to do is contributory negligence." And the Supreme Court in *Grande v. Wooleyhan Transp. Co.,* 353 Pa. 535, 46 A. 2d 241 quoting KELLER, then President Judge, in *Freedman v. Ziccardi,* 151 Pa. Superior Ct. 159, 162, 30 A. 2d 172, said: " '. . . it is the duty of the driver of a vehicle approaching a two-way street to look *first* to his *left* and then to his *right.* That is because he first enters the lane in which traffic coming from his *left* is traveling. If he sees nothing approaching that would be likely to prove a source of danger to him, he may proceed, but as he *nears the middle of the street,* it is his duty to look to his right again before entering into the traffic lane coming from that direction.' " Plaintiff in entering the intersection had the duty ". . . of yielding the right of way to all vehicles approaching in either direction on such through highway, unless so far in advance that in the exercise of reasonable care and prudence he was justified in believing that he could cross ahead of the approaching vehicle without danger of collision . . . The rule has frequently been stated that it is the duty of the driver entering a through highway not only to look before entering, but to continue to look as he advances and to keep his car under such control that he can stop at

---

left the curb. Q. You hadn't looked again? Is that correct? A. That is right."

any moment and avoid a collision": *Mellott v. Tuckey*, 350 Pa. 74, 77, 38 A. 2d 40; *Grande v. Wooleyhan Transp. Co.*, supra. Of course one who looks as he approaches the middle of a two-way highway but cannot stop is just as negligent as the plaintiff in the present case who, without looking, drove blindly into the path of the approaching vehicle driven by the defendant.

Clearly this plaintiff is chargeable with contributory negligence as a matter of law; the record does not admit any other conclusion.

Judgment reversed and here entered for the defendant n.o.v.

---

CONCURRING OPINION BY WOODSIDE, J.:

I concur in the result. I think the plaintiff was guilty of contributory negligence not because he failed to take a "second look" before crossing the middle line of the relatively narrow street, but because after seeing the defendant's vehicle approaching *on a through highway*, he entered the intersection from a stop street when he did not have time to clear the intersection ahead of the vehicle which he saw approaching on the through street.