## Pokusa *v.* Taylor, Appellant.

Argued September 28, 1962. Before BELL, C. J., MUSMANNO, JONES, EAGEN and O'BRIEN, JJ.

*Christ. C. Walthour, Jr.,* with him *Kunkle & Walthour,* for appellant.

*Robert J. Key,* with him *Philip Corbin, Jr.* and *Anthony J. Bonadio,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 13, 1962:

After completing a domestic errand in downtown New Kensington, Edward J. Pokusa, the plaintiff in this case, started home in his ¾-ton Ford pickup truck. It was the middle of December and snow from one-half to an inch deep covered the streets which in places were glazed with ice. Traveling eastwardly on Fourth Street, Pokusa arrived at a through thoroughfare named Fourth Avenue. He stopped, looked to the right and to the left. He observed a vehicle (later ascertained to be a Dodge truck) some 200 feet away to his left. He felt certain he could clear the intersection before the other vehicle would arrive at that point. When, however, he was half way across the intersection, traction ceased, his back wheels spun without moving forward, the ice and snow held him helplessly. The truck coming from his left did not abate its speed and when its driver finally became aware that a collision seemed inevitable he swerved in an attempt to miss the stalled vehicle, but it was too late, and another accident was

recorded in the chronicles of the highways of the nation.

Pokusa sued Cecil C. Taylor, the operator of the Dodge truck, and in the ensuing trial recovered a verdict of $7500 for the physical injuries he sustained and the damages done to his truck. The defendant moved for judgment n.o.v. and, in the alternative, a new trial. Both motions were refused and he appealed to this Court from the judgment entered on the verdict.

The appellant argues that the plaintiff was guilty of contributory negligence as a matter of law because he did not continue to look as he proceeded through the area of Fourth Street and Fourth Avenue. The collision, however, was not the result of any failure of view. The cars came together because of the ice which had frozen the plaintiff in a state of immobility.

The law is clear that if one arriving at a through highway is so far ahead of a car advancing from his right or left that, in the exercise of reasonable care and prudence, he is warranted in believing he may cross without danger of a collision, it is proper and legal for him to do so. In fact, the defendant in this case presented a point for charge which covered this very proposition of law, and it was affirmed.[1]

The jury, by its verdict, found that Pokusa was not unreasonable in assuming he could clear the intersection before the defendant's truck put in its appearance at the crucial point where their paths theoretically crossed. And from all indications Pokusa would have reached the eastern curb line of Fourth Avenue safely had his car not been stopped by the ice and snow. Whether it was prudent for him, in view of the condition of the streets, to proceed across Fourth Avenue at that moment was a question of fact for the jury, but it cannot be said as a matter of undeviating law that

---

[1] *Freedman v. Ziccardi*, 151 Pa. Superior Ct. 159.

anyone who starts across a street in December must anticipate that Jack Frost will bar his passage at the center of the street.

According to the defendant's version of the accident, Pokusa suddenly appeared before him like magic. He said that as he came into the intersection he looked to the left and he looked to the right and then he looked to the right again. Even after looking twice to the right he still didn't see the plaintiff's truck. It was only when, as he said, it was "right upon me," that he saw it. The jury probably concluded that if in the process of swivelling his head from left to right and right to left and then again left to right, he had taken the trouble to look straight ahead for a moment, he would have seen the vehicle struggling vainly in the snow.

The issue in this case was strictly one for the jury and the lower court acted properly in refusing to interfere with the verdict.

As there is no merit in the motion for a judgment n.o.v., there is equally none in the motion for a new trial.

Judgment affirmed.

Mr. Justice KEIM took no part in the consideration or decision of this case.