STATE OF CONNECTICUT *v.* EVERETT R. WATERHOUSE

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 404

Argued September 29—decided December 16, 1977

*Thomas J. Richardson,* for the appellant (defendant).

*Paul E. Murray,* assistant prosecuting attorney, for the appellee (state).

PER CURIAM. The defendant was convicted in a trial to the jury on a charge of negligent homicide with a motor vehicle. General Statutes § 53a-58a.[1] The defendant was charged with having caused the death of Eric Spencer by a motor vehicle on December 12, 1975, in the town of East Hampton.

The sole assignment of error is directed to the charge given by the court on the issue of negligence and the refusal of the court to charge as requested by the defendant. In essence the court charged that the state was obligated to prove that the defendant was guilty of "simple negligence," while the defendant requested that the court charge on "culpable negligence."[2] That request was denied.

The defendant contends that because of the adoption of the Penal Code, title 53a of the General Statutes, which became effective on October 1, 1971, and the repeal of § 14-218 of the General Statutes (negligent homicide), the state has the burden of proving that the defendant was criminally negligent,

---

[1] "[General Statutes] Sec. 53a-58a. NEGLIGENT HOMICIDE WITH A MOTOR VEHICLE. (a) A person is guilty of negligent homicide with a motor vehicle when in consequence of the negligent operation of a motor vehicle he causes the death of another person."

[2] "Culpable negligence in the law of crimes is something more than actionable negligence in the law of torts. Culpable negligence is such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others. An intentional, wilful or wanton violation of a statute or ordinance, designed for the protection of human life or limb, which proximately results in injury or death, is culpable negligence. But an unintentional violation of a prohibitory statute or ordinance, unaccompanied by recklessness or probable consequences of a dangerous nature, when tested by the rule of reasonable provision, is not such negligence as imports criminal responsibility."

and, in support of this contention, he cites the definition of "criminal negligence" in § 53a-3 (14) of the General Statutes. This argument is without merit. The legislature enacted § 53a-57 (misconduct with a motor vehicle), a class D felony, as part of the Penal Code. That statute provides that "[a] person is guilty of misconduct with a motor vehicle when, with criminal negligence in the operation of a motor vehicle . . . he causes the death of another person. . . ." At this same time § 14-218 was repealed. In 1973, however, the legislature enacted § 53a-58a, a class B misdemeanor. This statute is substantially similar to § 14-218 except that the penalty is slightly different.

If the defendant's argument were to carry any weight in that the court should have charged on "culpable" or "criminal" negligence, then the legislature enacted useless legislation when it enacted § 53a-58a because the only difference between the pertinent portions of § 53a-57 and § 53a-58a is the deletion of the word "criminal" as applied to the subject, negligence. "The General Assembly is presumed to have intended a change in each statute when it deliberately changed the wording of each." *Maynard* v. *New Haven Gas Co.*, 20 Conn. Sup. 31, 35.

The instruction of the court to the jury that the state had the burden of proving simple negligence as one of three essential elements is supported by numerous cases in this jurisdiction. *State* v. *Berkowitz*, 24 Conn. Sup. 112, 116, 1 Conn. Cir. Ct. 439, 443; *State* v. *Pope*, 6 Conn. Cir. Ct. 712, 714; *State* v. *Colombo*, 4 Conn. Cir. Ct. 671, 676–77.

There is no error.

A. HEALEY, PARSKEY and SPONZO, Js., participated in this decision.