443 A.2d 1157

**COMMONWEALTH of Pennsylvania**

v.

**Jay C. KOCH, III., Appellant.**

Superior Court of Pennsylvania.

Argued June 25, 1981.

Filed April 2, 1982.

Petition for Allowance of Appeal Denied July 1, 1982.

James H. Thomas, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before CERCONE, President Judge, and SPAETH, HESTER, WICKERSHAM, BROSKY, JOHNSON, POPOVICH, DiSALLE and SHERTZ, JJ.

WICKERSHAM, Judge:

On September 19, 1979, appellant, Jay C. Koch, III., was found guilty by a jury of homicide by vehicle.[1] Appellant's post-verdict motions were denied and appellant was sentenced to a two-year term of probation and fined $750.00 plus costs. This appeal followed.

The facts in the instant case may be summarized as follows. On February 4, 1979, at approximately 7:55 p. m., appellant was driving his 1966 Volkswagen from his parents'

---

1. The jury found appellant not guilty of the charge of involuntary manslaughter.

home in Kirkwood to his dormitory room at Millersville State College. Appellant was traveling west on Long Lane when he collided with a 1974 Volkswagen at the intersection of Long Lane and New Danville Pike. The 1974 Volkswagen was driven by Diane C. Holton, and Michael L. McClune was a passenger. They were traveling south on the New Danville Pike at the time of the collision. Diane Holton died as a result of injuries sustained in the accident.

The intersection of Long Lane and New Danville Pike was controlled by stop signs for Long Lane, but there were no stop signs for New Danville Pike. Appellant testified at trial that he stopped at the stop sign on Long Lane, looked both ways, and observing no oncoming cars, entered the intersection at which time the accident occurred.

Section 3732 of the Vehicle Code (75 Pa.C.S.) defines the crime of homicide by vehicle as follows:

> Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

Appellant first argues on appeal that section 3732 as applied to appellant constitutes a denial of due process, because it is a strict liability criminal statute under which a conviction allows substantial penalties, including up to five years in prison, and inflicts grave damage to the reputation of one so convicted.[2] We disagree.

We rely on a recent decision of our supreme court in *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980)

2. It has been suggested in other cases that appellant waived this constitutional issue by not notifying the Attorney General of the Commonwealth in accordance with Pa.R.A.P. 521(a). *Commonwealth v. Duncan*, 279 Pa.Super. 395, 421 A.2d 257 (1980); *Commonwealth v. Ashford*, 268 Pa.Super. 225, 407 A.2d 1328 (1979). We have, however, decided to dispose of the issue in the interest of judicial economy, and further because the plain wording of Rule 521(a) excludes its effect where the Commonwealth is a party. *Commonwealth v. Linder*, 284 Pa.Super. 327, 333 n.4, 425 A.2d 1126, 1129 n.4 (1981).

(opinion by Roberts, J.). In *Field*, a cameraman for KDKA–TV, Pittsburgh was standing on a sidewalk filming the picketing and other strike-related activities of employees of the Atlantic Richfield Oil Company (ARCO) when he was struck by an ARCO tractor-trailer. The cameraman was fatally injured and the driver of the tractor-trailer was held on the charges of homicide by vehicle, 75 Pa.C.S. § 3732, and driving on the sidewalk, 75 Pa.C.S. § 3703. The lower court granted a pre-trial motion by the defendant to dismiss the information against him on the ground that section 3732 of the Vehicle Code is unconstitutionally vague. The Commonwealth took an appeal.

There were two issues on appeal before the supreme court in *Field*: 1) Whether section 3732 is unconstitutionally vague and 2) in view of their decision in *Commonwealth v. Koczwara*, 397 Pa. 575, 155 A.2d 825 (1959), *cert. denied*, 363 U.S. 848, 80 S.Ct. 1624, 4 L.Ed.2d 1731 (1960), whether section 3732 violates due process by imposing criminal liability without fault.[3] The supreme court rejected the vagueness challenge citing *Commonwealth v. Burt*, 490 Pa. 173, 415 A.2d 89 (1980). The court also rejected the due process challenge holding that section 3732 requires the Commonwealth to prove that the victim's death was caused by the culpable conduct of the accused.

Here, however, unlike in *Koczwara*, there is no effort to impose a prison term in the absence of culpable conduct. As the Attorney General recognizes, section 3732 requires the Commonwealth to prove that appellee [defendant] has deviated from the standard of care established by section 3703, the underlying Vehicle Code provision allegedly violated here [driving on the sidewalk]. . . . Consistent with the culpability requirement, section 3703 leaves for determination at trial whether appellee knew, or should have

3. In *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980), both the vagueness and due process challenges were included in the defendant's motion to dismiss the information against him. The defendant alleged in his motion, *inter alia*, that the crime of homicide by vehicle violates due process because it imposes criminal sanctions (including possible imprisonment) upon "unintentional conduct." *Id.*, 490 Pa. at 522 & n.1, 417 A.2d at 162 & n.1.

known, he engaged in the conduct claimed to be in violation of that section. Thus, for example, it remains to be decided if a reasonable driver could, in view of the congestion at the terminal exit, know where the sidewalk was or, indeed, if a sidewalk existed. Section 3732 also requires the Commonwealth to prove that appellee's alleged violation of section 3703 caused the victim's death. As the Attorney General points out, at the very least, death must be a "probable consequence" of appellee's culpable conduct. See 18 Pa.C.S. § 303(d).

*Id.* 490 Pa. at 524–525, 417 A.2d at 163 (footnotes omitted).

■ We are constrained by the decision in *Commonwealth v. Field, supra,* where the supreme court determined that section 3732 does not violate due process because it requires a showing of culpable conduct. Since the decision in *Field,* there have been various interpretations by this court as to what level of culpability is embraced by section 3732. *Commonwealth v. Spurgeon,* 285 Pa.Super. 563, 428 A.2d 189 (1981) (Section 3732 creates strict criminal liability without regard to any scienter element and does not require a showing of reckless or negligent culpability); *Commonwealth v. Hartzell,* 282 Pa.Super. 549, 423 A.2d 381 (1980) (Section 3732 does not require a showing of culpability as defined in 18 Pa.C.S. § 302—intentionally, knowingly, recklessly, or negligently);[4] and *Commonwealth v. Nay,* 281 Pa.Super. 226, 421 A.2d 1231 (1980) (Section 3732 requires a showing of culpably negligent conduct as defined by 18 Pa.C.S. § 302(b)(4). *See also Commonwealth v. Lang,* 285 Pa.Super. 34, 426 A.2d 691 (1981) and *Commonwealth v. McIlwain School Bus Lines,* 283 Pa.Super. 1, 423 A.2d 413 (1980) (Both cases cite *Commonwealth v. Nay, supra*).[5]

**4.** We note that Justice Roberts of the Pennsylvania Supreme Court, who authored the opinion in *Commonwealth v. Field,* supra, joined in the decision of this court in *Commonwealth v. Hartzell,* 282 Pa.Super. 549, 423 A.2d 381 (1980).

**5.** Prior to the supreme court's decision in *Commonwealth v. Field, supra,* this court analyzed the crime of homicide by vehicle, 75 Pa.C.S. § 3732, in *Commonwealth v. Barone,* 276 Pa.Super. 282, 419 A.2d 457 (1980). In *Barone,* the court was divided into three differ-

We conclude from the supreme court's decision in *Field* that the culpable conduct required by section 3732 is a showing that the defendant "has deviated from the standard of care established by" the underlying Vehicle Code provision allegedly violated by him. *Id.* 490 Pa. at 524, 417 A.2d at 163. In *Field*, the underlying offense was driving on a sidewalk, 75 Pa.C.S. § 3703, while in the instant case, it was failure to yield at a stop sign, 75 Pa.C.S. § 3323. As stated in *Field*, in order to establish the underlying offense the Commonwealth must show that the defendant "knew, or should have known, he engaged in the conduct claimed to be in violation of that section." *Id.*, 490 Pa. at 525, 417 A.2d at 163. In effect, our supreme court has saved section 3732 from the due process challenge of criminal liability without fault by a bootstrap analysis, namely, the culpability required for the underlying offense also defines the culpability required for homicide by vehicle.

The supreme court also stated in *Field* that the Commonwealth must prove that the defendant's violation of the underlying Vehicle Code provision caused the victim's death. In defining this causal relationship between the violation and the death, the supreme court adopted a strict liability approach. The victim's death must, at the very least, be a "probable consequence" of the defendant's violation. *See* 18 Pa.C.S. § 303(d).[6]

ent views of section 3732. President Judge Cercone joined by Judge Cavanaugh determined that the Commonwealth must show culpable negligence as defined by 18 Pa.C.S. § 302(b)(4) in order to convict a defendant of homicide by vehicle. Judge Spaeth joined by Judge Hoffman in a concurring opinion stated that section 3732 creates strict liability and violates due process in light of its possible five-year prison sentence and its classification as a homicide. Judge Wieand joined by Judges Price and Hester filed a dissenting opinion concluding that the statute imposes strict liability but is constitutionally valid. We note that *Barone* did not express the views of a majority of the court and, therefore, is not decisional. *Commonwealth v. Mason*, 456 Pa. 602, 322 A.2d 357 (1974).

6. Judge Popovich concludes in his dissenting opinion that in the instant case, death was not a probable consequence of appellant's failure to observe a stop sign. We are unable to reach this issue, because it has not been raised by appellant on appeal. Appellant's

We summarize below the elements of the crime of homicide by vehicle, 75 Pa.C.S. § 3732, as set forth in *Field*:

1) Defendant deviated from the standard of care established by the underlying Vehicle Code provision [or municipal ordinance].

    a) Defendant knew, or should have known, he engaged in the conduct claimed to be in violation of the underlying Vehicle Code provision [or municipal ordinance].

2) A death occurred.

    b) The death was, at the very least, a probable consequence of the defendant's violation of the underlying Vehicle Code provision [or municipal ordinance].

According to *Field*, the requirement that the defendant knew, or should have known, that he was violating the underlying Vehicle Code provision establishes some kind of culpability on his part. We must, therefore, conclude that section 3732 is not a strict liability criminal statute nor is it violative of due process. *Commonwealth v. Field, supra* 490 Pa. at 525–526, 417 A.2d at 164 (Flaherty, J., concurring).

The culpability required by section 3732 does not fall into one of the categories defined in 18 Pa.C.S. § 302 (intentionally, knowingly, recklessly, or negligently). It is lesser than criminal negligence, 18 Pa.C.S. § 302(b)(4), which involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation. Proof of criminal negligence or recklessness, 18 Pa.C.S. § 302(b)(3), is required in order to convict a defendant of involuntary manslaughter, 18 Pa.C.S. § 2504. As the supreme court stated in a footnote in *Field*:

In our view it was the legislative judgment in enacting section 3732 to expand the scope of criminal liability for violations of the Vehicle Code causing death. Compare 18 Pa.C.S. § 2504; *Commonwealth v. Busler, supra* note 3

attack on the constitutionality of section 3732 of the Vehicle Code is limited to the culpability requirement, or lack thereof, and appellant does not argue that there was insufficient evidence to sustain his conviction.

[445 Pa. 359, 284 A.2d 783 (1971)]; *Commonwealth v. Clowser*, 212 Pa.Super. 208, 239 A.2d 870 (1968).

*Id.* 490 Pa. at 525 n.4, 417 A.2d at 163 n.4.

In *Commonwealth v. Houtz*, 496 Pa. 344, 437 A.2d 385 (1981) (Opinion by Roberts, J.), our supreme Court recently commented on the above quotation from *Field* and explained further the relationship between the crimes of homicide by vehicle and involuntary manslaughter.

> This legislative 'expansion' was accomplished not by the elimination of any of the elements of the crime of involuntary manslaughter, but by a relaxation of the degree of proof of two existing elements: culpable ·conduct and causation. The crime of involuntary manslaughter, as charged here, requires proof that the actor engaged in the Vehicle Code violation in a 'reckless or grossly negligent manner,' and that the death was caused 'as a direct result.' 18 Pa.C.S. § 2504. See *Commonwealth v. Clowser*, 212 Pa.Super: 208, 239 A.2d 870 (1968). By contrast, under the crime of homicide by vehicle, it must be shown only that the actor 'knew, or should have known,' that he engaged in the conduct claimed to be in violation of the Vehicle Code, and that, at the very least, death was a 'probable consequence' of the conduct. *Commonwealth v. Field*, 490 Pa. at 525, 417 A.2d at 163. These relaxed degrees of culpable conduct and causation set forth in the crime of homicide by vehicle are necessarily established by proof of the more stringent counterparts contained in the crime of involuntary manslaughter.

437 A.2d at 387.

In view of our holding today, our previous decisions are overruled to the extent that section 3732 of the Vehicle Code was defined as a strict criminal liability statute without regard to any scienter element or as an offense involving criminal negligence as defined by section 302(b)(4) of the Crimes Code.

■ Appellant's second contention on appeal is that he should be discharged because he was never charged with a

violation of the Vehicle Code, which he argues is a necessary element of homicide by vehicle. This argument was rejected by this court in *Commonwealth v. Wilkinson*, 278 Pa.Super. 490, 420 A.2d 647 (1980), where we stated:

> In order to secure a conviction under this statute [75 Pa.C.S. § 3732], the Commonwealth must prove beyond a reasonable doubt that the defendant '*engaged in* the violation of any law ... or ... ordinance applying to the operation or use of a vehicle or to the regulation of traffic ....' Nothing in the statute indicates a legislative intent that in order to establish this element of the offense, the Commonwealth must bring a *separate charge* for such violation. Had the Legislature intended to bifurcate the Commonwealth's proof of homicide by vehicle into two stages—the first stage being the prosecution for violating a particular vehicle or traffic law or ordinance, and the second stage (comprising the prosecution of homicide by vehicle) being limited to proof that the violation resulted in a death—, explicit language would be expected since such a bifurcation would be unusual. In the absence of such explicit language, we see no policy reason that requires the Commonwealth to follow such a procedure. As long as the Commonwealth gives the defendant adequate notice of the particular vehicle or traffic law or ordinance allegedly violated in causing the death, whether or not the Commonwealth brings a separate charge for such violation is immaterial.

*Id.*, 278 Pa.Superior Ct. at 496, 420 A.2d at 650 (footnote omitted).

■ We find that under *Commonwealth v. Wilkinson, supra,* the complaint and the information filed in the instant case provided appellant with adequate notice of the underlying offense. Appellant's contention that the complaint and information should have been filed within thirty (30) days after the incident is totally without merit.[7] The thirty-day

7. Appellant cites 75 Pa.C.S. § 6302 in support of his argument that the complaint in this case was not timely filed. Former section 6302(a) provided a thirty-day limitation for instituting proceedings

limitation, 42 Pa.C.S. § 5553(a),[8] only applies to the institution of proceedings for summary offenses under the Vehicle Code and, as appellant admits in his appellate brief, neither the complaint nor the information charged him with a summary offense. Consequently, section 5553(a) is inapplicable here.

Judgment of sentence affirmed.

SPAETH and BROSKY, JJ., file concurring opinions.

CERCONE, President Judge, files a concurring and dissenting opinion.

POPOVICH, J., files a dissenting opinion.

JOHNSON, J., files a dissenting statement.

DiSALLE and SHERTZ, JJ., did not participate in the consideration of this case.

SPAETH, Judge, concurring:

I concur in the majority's conclusion that because of *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980), we must affirm. But for me, *Field* is neither a persuasive precedent, nor one that forecloses further attack on the constitutional validity of the statute creating the crime of homicide by vehicle.

If I don't find *Field* persuasive, so much the worse for me, you may say. And yet, if we are to be content with precedent, we shall become dull indeed. The law will never grow unless we express our doubts. Courts, when they

for summary offenses under the Vehicle Code. Section 6302 now provides that "[a] prosecution for any offense under this title must be commenced within the period limited by Chapter 55 of Title 42 (relating to limitation of time)." 75 Pa.C.S. § 6302 (Supp.1981–82). The thirty-day limitation for summary offenses under the Vehicle Code is currently set forth in 42 Pa.C.S. § 5553(a).

8. 42 Pa.C.S. § 5553(a) provides:
   (a) General rule.—. . ., proceedings for summary offenses under Title 75 (relating to vehicles) must be commenced within 30 days after the commission of the alleged offense or within 30 days after the discovery of the commission of the offense or the identity of the offender, whichever is later, and not thereafter.

exchange opinions, should regard themselves as friends engaged in conversation. That way, their propositions will become more accurate, and command not only obedience but respect.

In any case, so believing, I venture here to discuss two difficulties I have with *Field*, which make me find it not persuasive, and to explain why I think it doesn't foreclose further constitutional attack.

–1–

The first difficulty I have with *Field* is that its announced premise, if not clearly wrong, is at least not clearly right.

*Field's* reasoning may be summarized as follows: To prove the crime of homicide by vehicle, the Commonwealth must prove that a death occurred because the defendant violated a provision of the Vehicle Code. This means that the Commonwealth must prove that the defendant's conduct was "culpable." To find what "culpable" means, one must look to the provision of the Vehicle Code that the defendant is charged with having violated. Upon so looking, one will find that "culpable" means that the defendant "knew, or should have known," what he had done. 490 Pa. at 524–25, 417 A.2d at 163.

I have looked as instructed. But I am unable to find what the Supreme Court says it found.

In *Field* the defendant was charged with having violated Section 3703 of the Vehicle Code. Section 3703 provides that

> [n]o person shall drive any vehicle except a human-powered vehicle upon a sidewalk or sidewalk area except upon a permanent or duly authorized temporary driveway. 75 Pa.C.S.A. § 3703.

Looking to this provision, I find no requirement that the Commonwealth must prove that the defendant "knew, or should have known," that he was driving on a sidewalk. The provision seems to me to say that the Commonwealth does not have to prove *anything* about the defendant's state of mind or the extent of his knowledge, but *only that an*

*event occurred*—that the defendant was driving on a sidewalk.

No one can quarrel with the proposition that to find *how* "culpable" must be the conduct of a defendant charged with homicide by vehicle, one must look to the provision of the Vehicle Code that the defendant is charged with having violated. The difficulty arises when one applies this proposition. For *some provisions* of the Vehicle Code do *not* require the Commonwealth to prove the defendant's state of mind or the extent of his knowledge, but only that an event occurred, while *other* provisions *do* require proof of state of mind or extent of knowledge. Section 3703, involved in *Field*, is an example of the first sort of provision. Section 3323(b), which is involved in the present case, is an example of the second sort of provision. Section 3323(b) provides that "[a]fter having stopped, the driver shall yield the right-of-way .... to any vehicle .... approaching on another roadway so closely as to constitute a hazard ...." 75 Pa.C.S.A. § 3323(b). To prove a violation of this provision, the Commonwealth must prove the defendant's state of mind or the extent of his knowledge. For one is not required to yield the right-of-way if one is justified in believing that with reasonable care, it will be possible to cross safely in front of an approaching vehicle. *E.g., Pokusa v. Taylor*, 409 Pa. 41, 185 A.2d 331 (1962); *Dougherty v. Merchants' Baking Co.*, 313 Pa. 557, 169 A. 753 (1934); *Wynkoop v. McLendon*, 208 Pa. Superior Ct. 81, 220 A.2d 904 (1966); *Brodsky v. Bockman*, 197 Pa. Superior Ct. 94, 176 A.2d 924 (1962); *Merkel v. Janiszewski*, 180 Pa. Superior Ct. 71, 117 A.2d 795 (1955).

Thus, if one does as instructed by *Field*, and determines the "culpability" of a defendant charged with homicide by vehicle by looking to the provision of the Vehicle Code he is charged with having violated, one reaches an extraordinary result. Sometimes, to prove culpability, the Commonwealth will only have to prove an event; other times, it will have to prove state of mind. That *can't* be right. Indeed, *Field* says it *isn't* right. For it says that the Commonwealth must

*always* prove that if the defendant didn't know what he was doing, at least he "should have known." But how did the Supreme Court reach this conclusion? Its only answer is to refer us to Section 3703 of the Vehicle Code, which says nothing at all about the Commonwealth having to prove that the defendant "should have known" what he was doing, that is, that he was driving on the sidewalk.

Two solutions to this difficulty may be imagined.

The first solution is to conclude that the Supreme Court has decided that Section 3703 of the Vehicle Code *does* require proof of state of mind, even though the section doesn't seem to say that. This is a possible conclusion. For the "mere omission from a criminal enactment of any mention of intent should not necessarily be construed as dispensing with it." *Morissette v. United States*, 342 U.S. 246, 250, 72 S.Ct. 240, 243, 96 L.Ed. 288 (1951). Thus, in construing Section 1574(a) of the Vehicle Code, the Supreme Court has found lack of knowledge a defense. *Moyer Automobile License Case*, 359 Pa. 536, 59 A.2d 927 (1948); *accord, Jenks v. Commonwealth, Department of Transportation*, 6 Pa. Commonwealth Ct. 546, 296 A.2d 526 (1972). It is nevertheless not a conclusion that is clearly right. For when the legislature intends to require proof of state of mind, it knows how to make its intent plain. Perhaps the legislature did intend to require that to convict a defendant of *any* —every—summary offense under the Vehicle Code, the Commonwealth must prove the defendant's state of mind. But if so, it certainly expressed its intent obliquely. Nor is it apparent why the Vehicle Code should be so different in this respect from the Crimes Code, which permits conviction of a summary offense without proof of state of mind. 18 Pa.C.S.A. § 305(a).

The second solution is to conclude that the Supreme Court has decided that a distinction must be drawn. If the Commonwealth is prosecuting the defendant *for a summary offense*, such as driving on a sidewalk, it need only prove that the defendant *did* drive on the sidewalk. But if the Commonwealth is prosecuting the defendant *for homicide by*

*vehicle,* it must not *only* prove that he *did* drive on the sidewalk but *also,* that he knew or at least "should have known" what he was doing. This too is a possible conclusion. Accepting it would preserve the apparent distinction between those provisions of the Vehicle Code that do not— or do not seem to—require proof of state of mind and those that do require it. But again, it is not a conclusion that is clearly right. For nothing in the statute creating the offense of homicide by vehicle suggests that the legislature had any such notion.

–2–

The second difficulty I have with *Field* is that it effects a major change in the law, without acknowledging the change, much less justifying it.

In thinking about "culpability," it is helpful to distinguish among four different levels of criminal liability.

The first level of criminal liability is vicarious absolute liability for the act of another. In *Commonwealth v. Koczwara,* 397 Pa. 575, 155 A.2d 825 (1959), *cert. denied,* 363 U.S. 848, 80 S.Ct. 1624, 4 L.Ed.2d 1731 (1960), the Supreme Court held that the legislature could constitutionally provide a criminal penalty based on vicarious absolute liability. In *Koczwara* the defendant was the holder of a liquor license. He was convicted as the result of sales to minors, by a bartender employed by him, but outside his presence and without his knowledge. In upholding the conviction, the Court held that vicarious absolute liability, which is based on the tort doctrine of *respondeat superior,* must be limited to "petty misdemeanors involving only light monetary fines." *Id.,* 397 Pa. at 585, 155 A.2d at 830.

The second level of criminal liability is generally referred to as "absolute liability," or "strict liability." Imposition of absolute liability requires proof that the defendant himself did something—in other words, proof of an event—but it does not require proof that he knew what he was doing. This is the sort of liability the Crimes Code establishes for summary offenses in the absence of a specific provision to the contrary, and, apart from the questions raised by *Field,*

is the sort I should have supposed applied to summary offenses under the Vehicle Code.

Although not acknowledged in *Field*, the distinction between these first two levels of criminal liability is clearly recognized in *Commonwealth v. Koczwara, supra* 397 Pa. at 583–85, 155 A.2d at 829–30.

Skipping for the moment the third level, we come to the fourth level of criminal liability. At this level are all of the different sorts of culpability defined by section 302 of the Crimes Code, 18 Pa.C.S.A. § 302. These include common law *mens rea* and criminal negligence.[1] By putting them all at the same level, I am not suggesting that the differences among them—for example, the difference between acting intentionally and acting recklessly—are never important, only that they are not important here.

Returning now to the third level of criminal liability: As I read *Field*, and also *Commonwealth v. Houtz*, 496 Pa. 344, 437 A.2d 385 (1981), the Supreme Court has defined a level of criminal liability for homicide by vehicle that comes between levels two and four as I have just described them. Apparently, this level of culpability corresponds to ordinary, or civil, negligence. At least, I so conclude from the Supreme Court's use in both *Field* and *Houtz* of the phrase

1. In the context of the criminal law, "negligence" is a slippery word. As defined by the Model Penal Code § 202(2)(d), also by our Crimes Code, 18 Pa.C.S.A. § 302(b)(4), and the codes of many other states, "negligence" is something more than "ordinary" or "simple" or "civil" negligence. One must be aware that a "*substantial* and *unjustifiable* risk" exists, and one's failure to perceive the risk must represent a "*gross deviation* from the standard of care [of] a reasonable person." Although for clarity this is often called "criminal negligence," for the most part the various sections of the Model Penal Code and our Crimes Code rely on the definitions in their preliminary provisions and refer only to "negligence." One exception in our Crimes Code is the definition of involuntary manslaughter, which requires action in a "grossly negligent manner." 18 Pa.C.S.A. § 2504. "Grossly negligent" is not defined in the Code. It is not clear whether gross negligence for purposes of involuntary manslaughter is something more than negligence as defined by § 302(b)(4) or whether it is the same, "gross" being added merely to reinforce the distinction between it and ordinary or civil negligence. *See* Toll, Pennsylvania Crimes Code Annotated § 2504 Reporter's Comment (1974).

"knew or should have known," and also, from the discussion in *Field* of what a "reasonable driver" should have known.

I am unaware of any other criminal offense in Pennsylvania for which ordinary negligence is the required level of liability.[2] Surely, such a change in the law should not be made except with the fullest explanation of its necessity.

On its face, the crime of homicide by vehicle appears to result from a confusion of the criminal with the civil law. If some one has been guilty of ordinary negligence, he may be required to compensate the victim by an action in trespass. But to label him, not only a tortfeasor but a "criminal killer"—for that is how one convicted of homicide by vehicle is labeled—seems to me to serve no useful purpose. It doesn't compensate the victim. It won't deter anyone. (The threat of criminal sanctions may deter intentional conduct, but not conduct only ordinarily negligent.) It can only humiliate the defendant and inflict upon him the economic losses and damage to reputation incident to having a crimi-

**2.** There do appear to be several other states where ordinary negligence is the predicate for offenses similar to homicide by vehicle. *See* B. Williams, "State Laws on Homicide by Vehicle," Nat'l Comm. on Uniform Traffic Laws and Ordinances, Traffic Laws Commentary, October, 1978, pp. 1–19. For example, in Connecticut the definition of negligent homicide with a motor vehicle is as follows:

A person is guilty of negligent homicide with a motor vehicle when in consequence of the negligent operation of a motor vehicle he causes the death of another person.
Conn.Gen.Stat.Ann. § 53a-58a.

This is a class B misdemeanor with a maximum penalty of 6 months in jail. Another offense, misconduct with a motor vehicle, requires criminal negligence or intoxication, and is classified as a felony. Conn.Gen.Stat.Ann. § 53a–57. Connecticut cases have held that the negligence required for the misdemeanor of negligent homicide is only simple negligence, and it is on that basis that the two offenses differ. *E.g., State v. Wilkinson*, 176 Conn. 451, 408 A.2d 232 (1979); *State v. Waterhouse*, 35 Conn.Sup. 519, 394 A.2d 205 (1977).

Another state with two separate offenses based on death resulting from operation of a motor vehicle is Hawaii. One offense is a felony predicated on negligence, the other, a misdemeanor predicated on simple negligence. Hawaii Rev.Stat. §§ 707–703, 707–704. The definition of "negligence" is found in § 702–206(4) and, like our Crimes Code § 302(b)(4), is taken from the Model Penal Code. In contrast, "simple negligence" is defined in § 707–704, which suggests that in Hawaii, it has no other application in the criminal law.

nal record. *See Commonwealth v. Malone*, 244 Pa. Superior Ct. 62, 68–69, 366 A.2d 584, 587–88 (1976) (discussing the effects of a criminal record).

In addition, the crime of homicide by vehicle seems to render nugatory the crime of involuntary manslaughter. The penalty for both crimes is the same. Thus a defendant only ordinarily negligent is subject to the same criminal sanction as one grossly negligent. Why should a district attorney be concerned with seeking a conviction of involuntary manslaughter, when a conviction of homicide by vehicle is so much easier to get? (In the present case, the evidence was too thin to support a finding of gross negligence, and appellant was properly acquitted of involuntary manslaughter, but it wasn't too thin to support a finding of ordinary negligence.)

I have already discussed the confusion of purpose that underlies the crime of homicide by vehicle, in concurrence in *Commonwealth v. Barone*, 276 Pa. Superior Ct. 282, 300–334, 419 A.2d 457, 467–485 (1980), where I was joined by Judge HOFFMAN. I only refer to it again because nothing said in *Field* or *Houtz* dispels it.

–3–

When appellant was tried, neither *Field* nor *Barone* had been decided. Before his trial, appellant filed a motion in the lower court asserting that the statute creating the crime of homicide by vehicle, 75 Pa.C.S.A. § 3732, was unconstitutional, and that the count charging him with homicide by vehicle should therefore be quashed. The court denied the motion, and in its charge, read the statute, along with the statutory provisions regarding the duty to stop at a stop sign, 75 Pa.C.S.A. § 3323(b), and involuntary manslaughter, 18 Pa.C.S.A. § 2504. The court did not charge that to convict appellant, the jury had to find beyond a reasonable doubt that he "knew, or should have known, [that] he engaged in the conduct claimed to be in violation of . . . section [3323(b)] of the Vehicle Code."

Under *Field*, the lower court should have so charged. Because *Field* had not been decided, I should not regard

appellant's failure to request such a charge as constituting a waiver. If appellant were asking for a new trial, at which he would have the benefit of such a charge, I should vote to grant him one.

But appellant has asked only for a discharge. As indicated by the majority opinion, he offers two different arguments in support of this request. I agree with the majority that appellant's argument, that he should be discharged because he was not separately charged with a Vehicle Code violation, has been decided against him in *Commonwealth v. Wilkinson*, 278 Pa. Superior Ct. 490, 420 A.2d 647 (1980). I also agree with the majority that appellant's other argument, that the statute creating the crime of homicide by vehicle is unconstitutional because it provides for substantial penalties including imprisonment up to five years, and does grave damage to the convicted person's reputation, on proof of strict liability only, has been decided against him in *Field*. For whatever else may be said about *Field*, it makes plain that homicide by vehicle is not a strict liability offense.

Perhaps I pursue a lost cause—although if a rational jurisprudence has become a lost cause, we're in trouble deep indeed. But given my difficulties with *Field*, I remain unpersuaded of the constitutional validity of the statute enacting the crime of homicide by vehicle. That doesn't mean the statute's validity may be decided in this case. Both the Supreme Court and this court have repeatedly held that even constitutional issues are waived when not properly preserved. But it *is* appropriate to note that the Court has considered only two constitutional issues that were properly preserved: first, whether the statute is unconstitutionally vague, *Commonwealth v. Burt*, 490 Pa. 173, 415 A.2d 89 (1980); and second, whether the statute is unconstitutional because it provides for imprisonment of up to five years on proof of strict liability only, *Commonwealth v. Field, supra.* Whether the statute is unconstitutional because it provides for imprisonment of up to five years upon proof of ordinary negligence only is an issue that in my opinion remains open. I hope we shall decide it another day.

BROSKY, Judge, concurring:

I join in the opinion of the majority of this court as mandated by the decisions of our Supreme Court in *Commonwealth v. Houtz*, 496 Pa. 344, 437 A.2d 385 (1981), and in *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980). Since we followed the decision in *Commonwealth v. Field*, supra, in our opinion in *Commonwealth v. Hartzell*, 282 Pa.Super. 549, 423 A.2d 381 (1981), now supported by the holding in *Commonwealth v. Houtz*, supra, I therefore consider the decision herein a reversal of our decisions in *Commonwealth v. Barone*, 276 Pa.Super. 282, 419 A.2d 457 (1980), and *Commonwealth v. Nay*, 281 Pa.Super. 226, 421 A.2d 1231 (1980), *Commonwealth v. McIlwain School Bus Lines*, 283 Pa.Super. 1, 423 A.2d 413 (1980), and *Commonwealth v. Lang*, 285 Pa.Super. 34, 426 A.2d 691 (1981).

CERCONE, President Judge, concurring and dissenting:

I remain unpersuaded that the position expressed in my opinions in *Commonwealth v. Barone*, 276 Pa.Superior Ct. 282, 419 A.2d 457 (1980), *alloc. den.*, and in *Commonwealth v. Lang*, 285 Pa.Superior Ct. 34, 426 A.2d 691 (1981) and espoused by this Court in *Commonwealth v. Nay*, 281 Pa.Superior Ct. 226, 421 A.2d 1231 (1980) and in *Commonwealth v. McIlwain School Bus Lines*, 283 Pa.Superior Ct. 1, 423 A.2d 413 (1980) is incorrect.[1] I believe that Judge Wickersham is correct when he states that the Supreme Court pulled the homicide by vehicle statute out of the mire of unconstitutionality by its proverbial bootstraps, and to that extent I concur in the result reached by the majority. However, I cannot rationally or ethically accept the majority's conclusion that the Legislature intended to create a new level of criminal culpability falling between criminal negligence and absolute criminal liability, the Supreme Court's pronouncements and *stare decisis* notwithstanding. My misgivings are somewhat assuaged by Judge Popovich's cogent dissent,

1. But see, *Commonwealth v. Hartzell*, 282 Pa.Superior Ct. 549, 423 A.2d 381 (1980); *Commonwealth v. Spurgeon*, 285 Pa.Superior Ct. 563, 428 A.2d 189 (1981).

which points out the Supreme Court's requirement that death be the *probable* consequence of the Vehicle Code violations. Such a requirement more nearly approximates criminal negligence than the minimum culpability requirement set out in the majority's opinion. Because my views differ markedly from those expressed by the majority I feel compelled to commit them to print, wherefore I submit the following.

Section 3732 of the Pennsylvania Motor Vehicle Code defines the offense of homicide by vehicle.[2] Violation of this provision of the Vehicle Code is classified as a misdemeanor of the first degree, and constitutes a crime by virtue of Section 106(a)(b) & (e) of the Crimes Code.[3] Section 106(e) definitively states that "[a]n offense . . . defined by any statute other than [the Crimes Code] shall be classified as provided in" Crimes Code Section 106(a)-(d).[4]

Section 302(a) of the Crimes Code delineates the culpability requirements of offenses defined in the Crimes Code as well as all other offenses elsewhere defined. That section clearly provides that the minimum level of culpability is that culpability commonly referred to as criminal negligence. Section 302(a) reads:

> Except as provided in section 305 of this title (relating to limitations on scope of culpability requirements), a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense.

**2.** Act of June 17, 1976, P.L. 162, No. 81, § 1; 75 Pa.C.S. § 3732. That section reads:

> Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

**3.** Act of December 6, 1972, P.L. 1482, No. 334, § 1, as amended March 24, 1974, P.L. 213, No. 46, § 1; 18 Pa.C.S. § 106.

**4.** 18 Pa.C.S. § 106(e).

The definition of criminal negligence, found in the Crimes Code at Section 302(b)(4), reads:

A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(4).[5] As is clear from Section 302(a) there are some exceptions to the culpability requirements set out elsewhere in that Section. These exceptions are found in Section 305 of the Crimes Code. Section 305 reads in full:

*Limitations on scope of culpability requirements.*

(a) *When culpability requirements are inapplicable to summary offenses and to offenses defined by other statutes.*—The requirements of culpability prescribed by section 301 of this title (relating to requirement of voluntary act) and section 302 of this title (relating to general requirements of culpability) do not apply to:

(1) summary offenses, unless the requirement involved is included in the definition of the offense or the court determines that its application is consistent with

5. Section 302(c) of the Crimes Code provides that where the statute defining the offense does not set out the culpability required to establish a material element of the offense then the minimum level of culpability required to establish that element (or all the elements if no culpability is set out) is recklessness. Section 302(c) & (d) read:

(c) *Culpability required unless otherwise provided.*—When the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto.

(d) *Prescribed culpability requirement applies to all material elements.*—When the law defining an offense prescribes the kind of culpability that is sufficient for the commission of an offense, without distinguishing among the material elements thereof, such provision shall apply to all the material elements of the offense, unless a contrary purpose plainly appears.

18 Pa.C.S. § 302(c) & (d).

effective enforcement of the law defining the offense; or

(2) offenses defined by statutes other than this title, in so far as a legislative purpose to impose absolute liability for such offenses or with respect to any material element thereof plainly appears.

(b) *Effect of absolute liability in reducing grade of offense to summary offense.*—Notwithstanding any other provision of existing law and unless a subsequent statute otherwise provides:

(1) when absolute liability is imposed with respect to any material element of an offense defined by a statute other than this title and a conviction is based upon such liability, the offense constitutes a summary offense; and

(2) although absolute liability is imposed by law with respect to one or more of the material elements of an offense defined by a statute other than this title, the culpable commission of the offense may be charged and proved, in which event negligence with respect to such elements constitutes sufficient culpability and the classification of the offense and the sentence that may be imposed therefor upon conviction are determined by section 106 of this title (relating to classes of offenses) and Chapter 11 of this title (relating to authorized disposition of offenders).

18 Pa.C.S. § 305.[6] Crimes Code Section 305 clearly exempts summary offenses from the culpability requirements of Section 302 (except of course the case where the definition of the summary offense includes a culpability requirement). Section 305 also exempts from the culpability requirements of Section 302 absolute liability offenses.

If we are to harmonize the Crimes Code provisions with the Vehicle Code's definition of homicide by vehicle in Section 3732 we must decide that the Legislature intended either (1) to maintain the culpability requirements of Section 302 and apply them to Section 3732, or (2) plainly to impose

6. Act of December 6, 1972, P.L. 1482, No. 334, § 1.

absolute liability for violation of Section 3732 thus making use of the exemption from the operation of Section 302 contained in Section 305(a)(2).[7] *Cf. Commonwealth v. Barone*, supra 276 Pa.Super. at 300–334, 419 A.2d at 467–485 (Concurring Opinion by Judge Spaeth) *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980) and more recently *Commonwealth v. Houtz*, 496 Pa. 344, 437 A.2d 385 (1981) make it unmistakably clear that homicide by vehicle is not an absolute liability offense. This leads one to the inescapable conclusion either that the culpability requirements of Section 302 of the Crimes Code apply to homicide by vehicle, or that the Vehicle Code cannot be reconciled or harmonized with the Crimes Code. With the latter conclusion comes the clear implication that the Legislature intended to create an additional level of culpability when it enacted Vehicle Code Section 3732 and thereby exempt homicide by vehicle from the culpability requirements of the Crimes Code *sub silentio*.[8] It is my earnest belief that the Legislature intended no such expansion of the scope of liability for homicide by vehicle[9], and that had it intended the homicide by vehicle

**7.** Clearly the Legislature did not intend homicide by vehicle to constitute a summary offense and therefore Crimes Code Section 305(a)(1) does not come into play.

**8.** See *Commonwealth v. Field*, supra, n.4 for the Supreme Court's discussion of the Legislature's intent in enacting Section 3732.

**9.** As Judge Dowling of the Dauphin County Court of Common Pleas points out in his fine opinion in *Commonwealth v. Serucsak*, 9 D. & C. 3d 677 (1979) the word "unintentional" in the homicide by vehicle statute refers not to the accused's violation of the Motor Vehicle Code but rather to his desire to bring about the deceased's demise. Judge Dowling writes:

On its face [the vehicular homicide statute] appears to say that if you violate any provision of the Vehicle Code and as a result death occurs you are ipso facto guilty. This would appear to be quite a departure—one as different as the electric from the gas engine. A cursory examination creates an impression that the statute is designed to prescribe [sic] unintentional conduct which causes the death of another person, but a more careful perusal indicate[s] that the word "unintentional" refers to the defendant's desire to cause the death.

Id. at 679. (footnote omitted). The word "unintentional" thus distinguishes homicide by vehicle from intentional homicide involving violations of the Vehicle Code.

statute to supersede Sections 302 and 305 of the Crimes Code it would have done so openly and explicitly.

Can it be said that the Legislature's intention to create an absolute liability statute or one nearly approaching it so plainly appears that the culpability requirements of Crimes Code Section 302 and 305 do not apply to homicide by vehicle? I think not, and accordingly, I dissent.

POPOVICH, Judge, dissenting:

Accepting *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980), and *Commonwealth v. Houtz*, 496 Pa. 344, 437 A.2d 385 (1981), both authored by Justice Roberts, as the correct statement of the law, I must dissent.

Both my colleagues, Wickersham, J. writing for the majority, and Spaeth, J. concurring, have, in my view, overlooked a fundamental requirement for conviction of "homicide by vehicle", Vehicle Code, 75 Pa. C.S.A. § 3732.

In *Field*, supra, as bright light guidance, Justice ROBERTS cogently pointed out that not only must the Commonwealth prove that the underlying vehicle code violation caused the victim's death, but also that, at the very least, death must be a *probable consequence* of defendant's culpable conduct, citing 18 Pa.C.S.A. 303(d).[1] *Commonwealth v. Field*, supra, 490 Pa. at 523–25, 417 A.2d at 163; accord *Commonwealth v. Houtz*, supra, 496 Pa. at 349, 437 A.2d at 387.

In other words, there must be a code violation causing death and death must be the *probable* consequence of the culpable conduct—not merely the possible consequence or conceivable consequence, feasible consequence or imaginable

In *Commonwealth v. Kishbaugh*, 11 D. & C. 3d (1979) Judge Davison of Lehigh County, pursuing the same analysis of Section 3732 as Judge Gates in *Commonwealth v. Serucsak*, supra, arrived at exactly the opposite conclusion: that the Legislature plainly intended to impose absolute liability.

1. "When causing a particular result is a material element of an offense for which absolute liability is imposed by law, the element is not established unless the actual result is a *probable* consequence of the conduct of the actor." (Emphasis added).

consequence, but rather the *probable* consequence, meaning, of course, the likely result.

Instantly, the Commonwealth, at best, proved only the failure to observe a stop sign, a collision and death as a result of the Vehicle Code violation. There is not a scintilla of evidence to show that *death* would *probably* result from appellant's driving through a stop sign that evening of February 4, 1979. Under the facts presented here, who could have predicted even that a collision would occur, much less a collision, bodily injury *and* death.

Posit a situation where a vehicle operator ignores a stop light at a crowded intersection. There, an actual death caused by one's culpable conduct would indeed be the probable consequence of the Vehicle Code violation and not merely a possible or fortuitous consequence as we are presented with instantly.

Here, there has been no showing that the intersecting highway was crowded or even otherwise occupied save for the victim's car. Thus the majority is telling the millions of drivers in this Commonwealth that if death occurs as the result of any violation of the Vehicle Code, the violator is guilty of criminal homicide.[2] Our courts are clogged today with thousands of civil cases arising out of motor vehicle accidents, accidents which, obviously, could not have occurred except as a result of some Vehicle Code violation. Are all these civil defendants criminals but for the fact that the plaintiff did not succumb in the accident? Clearly, the Legislature did not intend such an absurdity.

Unfortunately, the majority here judicially makes that absurdity the law of the Commonwealth.

I dissent.

JOHNSON, Judge, dissenting:

I must respectfully dissent. The uncontradicted tesitmony was: (1) the only other vehicle in the area was the

---

**2.** The paradoxical irony is that if death does *not* result and even though the victim of a collision is rendered permanently comatose or handicapped, no criminal liability would attach.

victim's; (2) the weather was clear and dry; (3) Appellant, who traveled this road at least twice a week, was familiar with the road. Considering the foregoing facts, I cannot agree that the victim's death was the "probable consequence" of Appellant's alleged failure to heed the stop sign.

Accordingly, I would reverse the judgment of sentence and discharge Appellant.