445 A.2d 834

**COMMONWEALTH of Pennsylvania**

v.

**Dolores Rose PAVLOCAK, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 11, 1980.

Filed May 14, 1982.

Ross S. Bash, Delmont, for appellant.

Patrick H. Mahady, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before HESTER, BROSKY and VAN der VOORT, JJ.

PER CURIAM:

On September 16, 1978, appellant, Dolores Rose Pavlocak, was traveling east on U.S. Route 30 in Westmoreland County, Pennsylvania, when her automobile, traveling at 50 m.p.h., went through a red light and collided with an automobile operated by Patricia Marie Long at an intersection commonly referred to as "Mountain View". Mrs. Long was lawfully traveling across Route 30 on an intersecting road with a green light. Shortly after the collision, Patricia Marie Long was pronounced dead as a result of injuries sustained as a result of the impact. A subsequent blood sample extracted from appellant at Westmoreland Hospital, showed a blood alcohol content of 0.11%. Appellant was charged with driving under the influence of alcohol, homicide by vehicle, and involuntary manslaughter. Immediately prior to trial, the Commonwealth moved for a nolle prosse as to the charge of involuntary manslaughter, and the lower court dismissed that charge with prejudice. A jury deadlocked on the charge of driving while intoxicated, but returned a verdict of guilty on the charge of homicide by vehicle.

Appellant filed timely motions for a new trial and in arrest of judgment, which were denied by the lower court on January 15, 1980. On February 22, 1980, appellant was

sentenced to imprisonment for a period of six to twelve months.

Appellant initially attacks the constitutionality of the statute charging homicide by vehicle, Act of July 17, 1976, P.L. 162, No. 81, 75 Pa. C.S.A. Section 3732. This issue has been decided by our Supreme Court in *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980). Recently, this Court, sitting *en banc*, further refined the level of culpability embraced by Section 3732 of the Pennsylvania Motor Vehicle Code. *Commonwealth v. Koch*, 297 Pa.Super. 350, 443 A.2d 1157 (1982).

On the basis of *Field*, supra, and *Koch*, supra, we affirm appellant's conviction of homicide by vehicle. Although the lower court did not charge the jury in complete conformity with *Field*, supra, and *Koch*, supra, we find that the lower court's charge, in fact, required the Commonwealth to sustain a stricter burden of proof.[1] In the instant case, the lower court charged that the jury must find, beyond a reasonable doubt, "... that the defendant was operating a vehicle in violation of either driving under the influence of alcohol and/or failure to stop for a steady red indication of a traffic control signal, and that the defendant's acts in violating the law were a direct cause of Mrs. Long's death."

Appellant asserts various other errors allegedly committed by the lower court during her trial by jury. Following our full review of the record, we conclude that the lower court has fully and adequately addressed and disposed of these issues.

However, appellant also contends that it was error for the lower court to interrogate her at the sentencing hearing concerning the assertion of her constitutional right to remain silent, and to thereafter rely on her silence as the basis of the court's sentence of imprisonment. Following the

1. According to *Field*, supra, 490 Pa. 525, 417 A.2d at 163, and *Koch*, supra, plurality opinion at page 6, the Commonwealth must prove, beyond a reasonable doubt, that "the death was, at the very least, a probable consequence of the defendant's violation of the underlying Vehicle Code provision ..."

denial of appellant's Motion for a New Trial and Motion in Arrest of Judgment on January 15, 1980, this Court filed its decision in *Commonwealth v. Barone*, 276 Pa.Super. 282, 419 A.2d 457 (1980).[2] Appellant then filed a Petition for Reconsideration before the Court *en banc*, which was denied. On the basis of *Barone, supra*, appellant's counsel advised her not to waive her rights against self-incrimination at the sentencing hearing on February 22, 1980, since he felt that she would ultimately be entitled to a new trial. The lower court was attempting to question appellant concerning her whereabouts immediately prior to the accident on September 16, 1978. Specifically, the lower court attempted to question appellant as to why the blood sample showed a blood alcohol content of 0.11% at 8:30 a. m. on a Saturday morning. However, on advice of her counsel, appellant asserted her Fifth Amendment right against self-incrimination. The lower court then stated:

"I'm deeply concerned. One of the major things in sentencings I must take into consideration, what are the circumstances surrounding this accident and if you're going to refuse to tell me on the advise of counsel I want you to know whole-heartedly I have nothing—I have no alternative but to assume you have something to hide from me."

In its opinion in support of the sentence imposed, the lower court stated, "The testimony indicates that at one point the sentencing Judge perplexed by the defendant's failure to take the stand indicated that perhaps this could be resolved by sentencing the defendant to a maximum imprisonment of five years and then after all appeals were silent to entertain a petition to reduce the sentence if the same were warranted. Obviously this route was not pursued and the sentencing Judge did not penalize the defendant in his sentence when she reasserted her Fifth Amendment right to remain silent after a recess, but sentenced her, in fact, to a very light sentence under all the circumstances in this case to six to twelve months imprisonment at Muncy."

**2.** This decision has, in effect, been reversed by *Field, supra* and *Koch, supra*.

However, our review of the record indicates that the lower court did, in part, rely upon appellant's assertion of her right against self-incrimination in its expression of the reasons underlying the sentence of six to twelve months imprisonment. The court stated:

"... since the defendant has not testified I could only assume that there is something to—not only one of the things I can assume is perhaps she has something to hide as to whether or not it was intentional or not or whether she was so careless that she didn't really care one way or the other....

I don't know whether her conduct was excusable and since she has not given me her version I can assume that perhaps it was not excusable under the circumstances....

Because of the nature of the case, that is of the drinking and the early hours which I can assume because of the .11 and 8:30 on a Saturday morning that perhaps there is a drinking problem that perhaps this may reoccur. And I have pointed out because the defendant didn't take the stand....

I must take this stand because I don't know whether this matter could reoccur or not. I'm looking ahead in my own head because the defendant has not given her version just as likely as it may or may not because I don't know what her version is as to where she was and what her circumstances were that particular day..."

On the basis of these expressed reasons, we find that the lower court improperly penalized the appellant for asserting her constitutional right against self-incrimination.

In *Commonwealth v. Rodgers*, 472 Pa. 435, 372 A.2d 771, 780 (1977), the Court held that the constitutional privilege against self-incrimination is not extinguished or "waived" by conviction. The court stated:

"After conviction, direct appeal and collateral remedies available to an individual may result in a new trial. It is apparent, then, that the conviction does not eliminate the possibility that an individual will later be prosecuted for

the crime about which he is asked to testify. Accordingly, the weight of authority permits a witness whose conviction has not been finalized on direct appeal to invoke the privilege against self-incrimination and refuse to testify about the subject matter which formed the basis of his conviction. [Citations omitted] . . .

Appellant argues that a witness whose conviction is final but is seeking collateral relief cannot invoke the privilege against self-incrimination. We conclude that the privilege is not adequately protected by such a mechanistic rule." See also *Commonwealth v. Davenport*, 453 Pa. 235, 239–40 n.4, 308 A.2d 85, 87 n.4 (1973); *Commonwealth v. Garland*, 475 Pa. 389, 380 A.2d 777 (1977).

Under the circumstances of this case, appellant was entitled to assert her privilege against self-incrimination and the lower court could not expressly penalize her for so doing. It is inevitable that a sentencing Judge will formulate his own silent conclusions concerning why a convicted defendant refuses to discuss the incidents of a crime at the sentencing hearing. However, the lower court should not expressly rely on such silence as the basis of the sentence imposed.

Conviction affirmed and matter remanded to the jurisdiction of the lower court for resentencing consistent with the opinion.