415 A.2d 89

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Michael James BURT.**

Supreme Court of Pennsylvania.

Argued March 12, 1980.

Decided May 30, 1980.

Richard A. Hernan, Jr., Dist. Atty., William F. Morgan, James C. Blackman, Asst. Dist. Attys., Warren, for appellant.

John R. Gavin, Oil City, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Under section 3732 of the Vehicle Code,

"Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death."

75 Pa.C.S. § 3732. On this pre-trial appeal, the Commonwealth seeks reversal of an order of the Court of Common Pleas of Warren County holding section 3732 unconstitutionally vague. We agree with the Commonwealth that the court of common pleas erred in so holding and remand with instructions.[1]

On the evening of August 22, 1978, appellee Michael Burt and a few other people were at a campsite near Titusville, Pennsylvania. Two friends of appellee, Joseph Miller and Carrie O'Connor, asked appellee to take them for a ride in his new "Datsun 240Z." Appellee agreed and the three left the campsite in the vehicle, appellee driving, Miller sitting in the passenger seat, and O'Connor sitting in the cargo area. Appellee drove the vehicle on a dirt road for a few hundred yards. He then turned onto a macadam road, which he drove on for about one mile. Upon reaching the point where the macadam road ended and another dirt road began, appellee turned his car around and began to return on the macadam road.

As he returned, appellee came upon a right-hand curve in the road. As appellee started to negotiate the curve, Miller cautioned appellee to slow down. The right front tire of the car, however, tipped the berm. This in turn threw the vehicle across to the left and off the road. The car travelled approximately 180 feet from the roadway, hit a large tree, travelled another forty-five feet, and hit a barbed-wire fence. The vehicle then flipped end over end a couple of times, coming to rest upside down. Neither appellee nor Miller was seriously injured. O'Connor, however, who had been thrown out of the vehicle, was killed.

Appellee told investigating State Trooper John Herzog that he "was coming down the road, hit the gravel and lost

1. We hear this pre-trial appeal pursuant to 42 Pa.C.S. § 722(7), which gives this Court exclusive jurisdiction of appeals from final orders of the courts of common pleas in cases where "any statute" of the Commonwealth "has been held invalid as repugnant to the Constitution . . . of the United States" or "Constitution of this Commonwealth." See generally *Commonwealth v. Meyer*, 488 Pa. 297, 412 A.2d 517 (1980).

176

control. . . ." Miller allegedly told Herzog that at the time of the accident appellee was travelling at an excessive speed. Herzog filed a complaint charging appellee with the summary offenses of failure to drive on the right side of the roadway and reckless driving, 75 Pa.C.S. §§ 3301 & 3714, and the first-degree misdemeanor offense of homicide by vehicle, 75 Pa.C.S. § 3732.[2] As to the homicide by vehicle charge, the subsequent information specified that appellee did

2. Section 3301 provides:
"*Driving on right side of roadway*
(a) *General rule.*—Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows:
(1) When overtaking and passing another vehicle proceeding in the same direction where permitted by the rules governing such movement.
(2) When an obstruction exists making it necessary to drive to the left of the center of the roadway, provided the driver yields the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the roadway within such distance as to constitute a hazard.
(3) When and where official traffic-control devices are in place designating a lane or lanes to the left side of the center of the roadway for the movement indicated by the devices.
(4) Upon a roadway restricted to one-way traffic.
(5) When making a left turn as provided in sections 3322 (relating to vehicle turning left) and 3331 (relating to required position and method of turning).
(b) *Vehicle proceeding at less than normal speed.*—Upon all roadways any vehicle proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the right-hand lane then available for traffic, or as close as practicable to the right-hand curb or edge of the roadway, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into an alley, private road or driveway. This subsection does not apply to a driver who must necessarily drive in a lane other than the right-hand lane to continue on his intended route."
Section 3714 provides:
"*Reckless driving*
Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of reckless driving, a summary offense."
Section 6502 provides:
"*Summary offenses*
(a) *Designation.*—It is a summary offense for any person to violate any of the provisions of this title unless the violation is by

"recklessly cause the death of Carrie O'Connor while engaged in the violation of the vehicle code of the Commonwealth of Pennsylvania, to-wit, reckless driving and failure to drive on the right side of the highway, and that said violations were the cause of the death of the victim."

After a preliminary hearing, appellee was bound over on all three charges.

Appellee then made a pre-trial motion to dismiss the charge of homicide by vehicle on the ground of vagueness. After argument, the court granted the motion. The court agreed with appellee that section 3732 both leaves a vehicle operator without reasonable notice of what acts are prohibited and permits arbitrary and discriminatory enforcement. The court also concluded section 3732 imposes "absolute liability" and thus appellee is not "protected from being caught in the . . . net by the necessity of having a specific intent to commit the unlawful act." *Papachristou v. City of Jacksonville*, 405 U.S. 156, 163, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972).[3] This appeal followed.[4]

It is a fundamental principle of due process that "a criminal statute 'that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is

this title or other statute of this Commonwealth declared to be a misdemeanor or felony.

(b) *Penalty.*—Every person convicted of a summary offense for a violation of any of the provisions of this title for which another penalty is not provided shall be sentenced to pay a fine of $25.

(c) *Title 18 inapplicable.*—Title 18 (relating to crimes and offenses), in so far as it relates to fines and imprisonment for convictions of summary offenses, is not applicable to this title."

3. See also *Screws v. United States*, 325 U.S. 91, 101, 65 S.Ct. 1031, 1035, 89 L.Ed. 1495 (1945) (plurality opinion) ("[t]he requirement of a specific intent to do a prohibited act may avoid those consequences to the accused which may otherwise render a vague or indefinite statute invalid"). The court did not hold, and appellee does not separately contend, that even if section 3732 is not vague, it improperly imposes absolute liability.

4. Appellee waived his prompt trial rights under the 180-day rule of Pa.R.Crim.Proc. 1100(a)(2) upon filing his motion to dismiss. The Commonwealth sought and obtained an extension of time in which to commence trial pursuant to Rule 1100(c) upon filing its appeal.

forbidden by the statute,' *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954), or is so indefinite that 'it encourages arbitrary and erratic arrests and convictions,' *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972), is void for vagueness. See generally *Grayned v. City of Rockford*, 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222 (1972)."

*Colautti v. Franklin*, 439 U.S. 379, 390, 99 S.Ct. 675, 683, 58 L.Ed.2d 596 (1979). At the same time, however,

" 'The fact that [the legislature] might without difficulty have chosen "clear and more precise language" equally capable of achieving the end which it sought does not mean that the statute which is in fact drafted is unconstitutionally vague.' *United States v. Powell*, 423 U.S. 87, 94, 96 S.Ct. 316, 320, 46 L.Ed.2d 228, 235 (1975). Rather, the requirements of due process are satisfied if the statute in question contains *reasonable* standards to guide the prospective conduct."

*Commonwealth v. Heinbaugh*, 467 Pa. 1, 6, 354 A.2d 244, 246 (1976). Here it is clear that section 3732 contains entirely reasonable standards.[5] With unmistakable clarity, section 3732 defines "homicide by vehicle" as a death caused by any person's conduct violating law or municipal ordinance applying to vehicles or traffic regulation. This section does not employ "ambiguous" words, "archaic classifications," or words with "numerous and varied" meanings. Compare *Colautti v. Franklin*, supra ("viability" determination requirement of statute regulating physicians' performance of abortions void), *Papachristou v. City of Jacksonville*, supra ("vagrancy" ordinance drafted in terms of archaic English poor laws invalid), and *Lanzetta v. State of New Jersey*, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939) (voiding statute making it crime to be member of "gang"). Accordingly, any

5. No claim is made that constitutionally protected conduct is reached by the statute. Thus, this vagueness challenge "must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). Accord, *Commonwealth v. Heinbaugh*, 467 Pa. 1, 5, 354 A.2d 244, 245 (1976).

vagueness challenge must be rejected. See *United States ex rel. Almeida v. Rundle*, 383 F.2d 421, 426 (3d Cir. 1967) (upholding former felony-murder statute).

⸬ Order of the court of common pleas reversed, count charging homicide by vehicle reinstated and case remanded for further appropriate proceedings.