417 A.2d 160

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard FIELD.**

Supreme Court of Pennsylvania.

Argued May 19, 1980.
Decided July 3, 1980.

Robert E. Colville, Dist. Atty., Robert E. Eberhardt, Deputy Dist. Atty., Pittsburgh, James J. West, Deputy Atty. Gen., Wayne T. Scott, Deputy Atty. Gen., Harrisburg, for appellant.

John L. Doherty, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY, and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

We are again presented with a challenge to the constitutionality of section 3732 of the Vehicle Code, 75 Pa.C.S. § 3732. Section 3732 defines "homicide by vehicle" as follows:

> "Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death."

This is a pre-trial appeal in which the Commonwealth seeks reversal of an order of the Court of Common Pleas of Allegheny County holding this "homicide by vehicle" provision unconstitutionally vague. We reverse.

The victim, Edward Romano, was a cameraman for KDKA–TV, Pittsburgh. On September 9, 1979, Romano went to the Atlantic Richfield Oil Company (ARCO) terminal at 57th and Butler Streets in Pittsburgh to film picketing and other strike-related activity of ARCO employees. Romano began to film while standing in the center of Butler Street.

The court of common pleas had previously issued both an injunction against mass picketing and a writ of assistance. Deputy sheriffs and city police, at the scene to ensure passage of ARCO tractor-trailers, requested Romano to move from the center of Butler Street to the adjoining sidewalk. Romano did so and resumed filming.

Six ARCO vehicles then began to leave the terminal. As the vehicles departed, the passageway through the pickets and onto Butler Street continually narrowed as spectators and picketers, in numbers exceeding the court's order, crowded the terminal exit. The vehicles were not moving at an excessive speed.

By the time the driver of the last vehicle, appellee Richard Field, attempted to negotiate the vehicle through the nar-

rowed exit, police had to push back the crowd of picketers and spectators. Romano, still standing on the sidewalk and about one foot from the curb, continued to film the activity. As appellee's vehicle proceeded through the exit, the side of the trailer struck Romano, throwing him to the sidewalk. Romano was fatally injured when run over by the trailer's rear wheels. Out of fear that a riot might ensue, police did not stop appellee until he had cleared the terminal area.

Once stopped, appellee was arrested and charged with driving on the sidewalk, 75 Pa.C.S. § 3703, reckless driving, 75 Pa.C.S. § 3714, and homicide by vehicle, 75 Pa.C.S. § 3732. After a coroner's hearing, a deputy coroner dismissed the reckless driving charge, but held appellee on the charges of driving on the sidewalk and homicide by vehicle. The district attorney then filed an information against appellee which included the homicide by vehicle charge.

On January 16, 1980, appellee filed a pre-trial motion to dismiss the information on several grounds, including a claim that section 3732 is unconstitutionally vague.[1] Following oral argument on the motion, the court of common pleas agreed with appellee's vagueness claim and, on January 31, granted the motion to dismiss.[2] The Commonwealth then took this direct appeal from a final order of a court of common pleas holding a state statute unconstitutional. See 42 Pa.C.S. § 722(7). The Attorney General has filed a brief in support of section 3732.

1. Appellee's motion also alleges section 3732 violates (1) due process because it imposes criminal sanctions (including possible imprisonment) upon "unintentional conduct," and (2) equal protection because

"A. The statute involves a suspect classification;

B. Impinges upon a fundamental right;

C. The classification does not have a rational relationship to the legislative purpose of the statute."

Appellee pursues only his due process contention on this appeal. See infra text.

2. In its explanatory opinion, the court expressed the view that the statute unconstitutionally imposes criminal liability in the absence of culpable conduct. This view we reject. See infra text.

■ Very recently in *Commonwealth v. Burt*, 490 Pa. 172, 415 A.2d 89 (1980), this Court unanimously reversed an order of the Court of Common Pleas of Warren County similarly holding section 3732 unconstitutionally vague. There, this Court stated:

"With unmistakable clarity, section 3732 defines 'homicide by vehicle' as a death caused by any person's conduct violating law or municipal ordinance applying to vehicles or traffic regulation. This section does not employ 'ambiguous' words, 'archaic classifications,' or words with 'numerous and varied' meanings. Compare *Colautti v. Franklin*, supra [439 U.S. 379, 99 S.Ct. 675, 58 L.Ed.2d 596] ('viability' determination requirement of statute regulating physicians' performance of abortions void), *Papachristou v. City of Jacksonville*, supra [405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110] ('vagrancy' ordinance drafted in terms of archaic English poor laws invalid), and *Lanzetta v. State of New Jersey*, 306 U. S. 451, 59 S.Ct. 618, [83 L.Ed. 888] (1939) (violating statute making it crime to be member of 'gang'). Accordingly, any vagueness challenge must be rejected. See *United States ex rel. Almeida v. Rundle*, 383 F.2d 421, 426 (3d Cir. 1967) (upholding former felony-murder statute)."

490 Pa. at 523, 415 A.2d at 92. We agree with the Commonwealth that here too any vagueness challenge must be rejected.

*Burt* is not dispositive of this case, however, for here appellee contends section 3732 is unconstitutional on an additional ground. Section 3732 is a first-degree misdemeanor punishable by imprisonment of up to five years. See 18 Pa.C.S. § 1104(1). Relying primarily upon *Commonwealth v. Koczwara*, 397 Pa. 575, 155 A.2d 825 (1959), appellee maintains section 3732 unconstitutionally imposes criminal liability without fault. Like the vagueness challenge, this challenge must also be rejected.

In *Koczwara*, the undisputed record indicated that minors purchased liquor from a bartender employed by the defendant, a liquor licensee, outside the defendant's presence and

without the defendant's personal knowledge. The defendant was convicted of two counts of permitting minors to frequent his licensed premises and one count of permitting sales to minors. The court of common pleas sentenced the defendant, a previous offender, to imprisonment of three months and imposed costs and a fine of $500.

Finding "*no* case in any jurisdiction which has permitted a *prison term* for a vicarious offense," 397 Pa. at 586, 155 A.2d at 830, this Court concluded that "punishment of imprisonment deprives the defendant of due process of law under these facts." Id. In so holding, this Court stated:

"It would be unthinkable to impose vicarious criminal responsibility in cases involving true crimes. Although to hold a principal criminally liable might possibly be an effective means of enforcing law and order, it would do violence to our more sophisticated modern-day concepts of justice. Liability for all true crimes, wherein an offense carries with it a jail sentence, must be based exclusively upon personal causation. It can be readily imagined that even a licensee who is meticulously careful in the choice of his employees cannot supervise every single act of the subordinates. A man's liberty cannot rest on so frail a reed as whether his employee will commit a mistake in judgment. See Sayre, Criminal Responsibility For Act of Another, 43 Harv.L.Rev 689 (1930)."

397 Pa. at 585–86, 155 A.2d at 830. Accordingly, the Court invalidated the imprisonment portion of the judgment of sentence.

■    Here, however, unlike in *Koczwara*, there is no effort to impose a prison term in the absence of culpable conduct. As the Attorney General recognizes, section 3732 requires the Commonwealth to prove that appellee has deviated from the standard of care established by section 3703, the underlying Vehicle Code provision allegedly violated here.[3] Section 3703 provides:

**3.** As in every criminal prosecution, the Commonwealth's proof must be beyond a reasonable doubt. See e.g., *Commonwealth v. Busler*, 445 Pa. 359, 362, 284 A.2d 783, 784 (1971).

"No person shall drive any vehicle except a human-powered vehicle upon a sidewalk or sidewalk area except upon a permanent or duly authorized temporary driveway."

Consistent with the culpability requirement, section 3703 leaves for determination at trial whether appellee knew, or should have known, he engaged in the conduct claimed to be in violation of that section.[4] Thus, for example, it remains to be decided if a reasonable driver could, in view of the congestion at the terminal exit, know where the sidewalk was or, indeed, if a sidewalk existed. Section 3732 also requires the Commonwealth to prove that appellee's alleged violation of section 3703 caused the victim's death. As the Attorney General points out, at the very least, death must be a "probable consequence" of appellee's culpable conduct. See 18 Pa.C.S. § 303(d).

■ Accordingly, our review satisfies us that here, unlike in *Koczwara*, section 3732 requires the Commonwealth to establish that it was the actor's conduct which caused death. This requirement of personal responsibility under a section 3732 prosecution precludes successful constitutional challenge.

Order of the court of common pleas reversed, charge of homicide by vehicle reinstated, and case remanded for further appropriate proceedings.

FLAHERTY, J., joins this opinion and files a concurring opinion.

EAGEN, C. J., files a dissenting opinion.

FLAHERTY, Justice, concurring.

I join with the majority, as we have construed the Code to, indeed, require *culpable conduct*, i.e., a mens rea, as a requisite for conviction. Thus, the objectionable feature noted by Mr. Chief Justice Eagen, ". . . imprisonment

---

4. In our view it was the legislative judgment in enacting section 3732 to expand the scope of criminal liability for violations of the Vehicle Code causing death. Compare 18 Pa.C.S. § 2504; *Commonwealth v. Busler*, supra note 3; *Commonwealth v. Clowser*, 212 Pa.Super. 208, 239 A.2d 870 (1968).

526

even in the absence of culpable conduct", has been avoided by our construction, and cannot occur.

EAGEN, Chief Justice, dissenting.

I am persuaded Section 3732 of the Vehicle Code, 75 Pa.C.S.A. § 3732, is unconstitutional in that one result is to permit imprisonment even in the absence of culpable conduct. *Cf. Commonwealth v. Koczwara,* 397 Pa. 575, 155 A.2d 825 (1959); *Commonwealth v. Barone,* —— Pa.Super. ——, 419 A.2d 457 (1980) (concurring opinion of Spaeth, J., joined by Hoffman, J.).