437 A.2d 385

**COMMONWEALTH of Pennsylvania,**

v.

**Carl Albert HOUTZ, Petitioner.**

Supreme Court of Pennsylvania.

Sept. 24, 1981.

Anthony S. Federico, Jr., Harrisburg, for petitioner.

William A. Behe, Deputy Dist. Atty., Harrisburg, for the Commonwealth.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This matter presents a judgment of sentence imposed on verdicts of guilty of involuntary manslaughter, 18 Pa.C.S. § 2504, and homicide by vehicle, 75 Pa.C.S. § 3732. We conclude that, under the prohibition against double punishment embodied in the double jeopardy clauses, the sentence imposed on homicide by vehicle cannot stand.

Petitioner was charged with both crimes for his involvement in a fatal automobile accident. Through eyewitness testimony, the Commonwealth presented evidence to a jury that, contrary to 75 Pa.C.S. § 3309, petitioner abruptly pulled into the passing lane of fast-moving west-bound traffic on a heavily-travelled four-lane highway. Petitioner's abrupt change of lanes, which had been preceded by a pattern of erratic driving, forced a vehicle already in the passing lane to swerve into oncoming east-bound traffic. A fatal head-on collision resulted.

The jury returned verdicts of guilty on both charges. Following the denial of post-verdict motions, the Court of Common Pleas of Dauphin County imposed consecutive sentences of two and one-half to five years' imprisonment. On reconsideration, the court imposed concurrent sentences of the same terms. The Superior Court affirmed, 293 Pa.Super. 577, 435 A.2d 270, and a petition for allowance of appeal followed. We now grant the petition.

■■■ Among the protections embodied in the double jeopardy clauses of the Constitutions of the United States and this Commonwealth is the prohibition against "multiple punishment for the same offense at one trial." *Commonwealth v. Mills*, 447 Pa. 163, 169, 286 A.2d 638, 641 (1971). *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23

L.Ed.2d 656 (1969); *Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981). Impermissible multiple punishment can take the form of consecutive sentences or, as here, concurrent sentences. *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976). See *Benton v. Maryland*, 395 U.S. 784, 787–91, 89 S.Ct. 2056, 2059–61, 23 L.Ed.2d 707 (1969).

■ The means of determining whether there exists a single offense for purposes of the prohibition against multiple punishment is well settled:

> " 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.' "

*Commonwealth v. Tarver*, 493 Pa. at 325, 426 A.2d at 572, quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). Under this test, if proof of one crime necessarily proves another, punishment for both crimes is forbidden. See *Commonwealth v. Tarver*, supra; *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1975).*

■ Recently, in *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980), this Court had occasion to comment on the relationship between the crimes of homicide by vehicle and involuntary manslaughter. In comparing the two crimes we stated:

> "In our view it was the legislative judgment in enacting section 3732 [(homicide by vehicle)] to expand the scope of criminal liability for violations of the Vehicle Code causing death."

490 Pa. at 525 n. 4, 417 A.2d at 163 n. 4. This legislative "expansion" was accomplished not by the elimination of any of the elements of the crime of involuntary manslaughter, but by a relaxation of the degree of proof of two existing elements: culpable conduct and causation. The crime of involuntary manslaughter, as charged here, requires proof

---

* In accord is the recent case of *People v. Wilder*, 411 Mich. 328, 308 N.W.2d 112 (1981).

that the actor engaged in the Vehicle Code violation in a "reckless or grossly negligent manner," and that the death was caused "as a direct result." 18 Pa.C.S. § 2504. See *Commonwealth v. Clowser*, 212 Pa.Super. 208, 239 A.2d 870 (1968). By contrast, under the crime of homicide by vehicle, it must be shown only that the actor "knew, or should have known," that he engaged in the conduct claimed to be in violation of the Vehicle Code, and that, at the very least, death was a "probable consequence" of the conduct. *Commonwealth v. Field*, 490 Pa. at 525, 417 A.2d at 163. These relaxed degrees of culpable conduct and causation set forth in the crime of homicide by vehicle are necessarily established by proof of the more stringent counterparts contained in the crime of involuntary manslaughter. Thus, under the constitutional prohibitions against double jeopardy, punishment for homicide by vehicle cannot coexist with punishment for involuntary manslaughter.

Petition for allowance of appeal granted, order of the Superior Court reversed insofar as it affirms the judgment relating to homicide by vehicle, and judgment of sentence imposed on homicide by vehicle vacated. Judgment of sentence imposed on involuntary manslaughter not disturbed.

LARSEN and KAUFFMAN, JJ., concur in the result.