447 A.2d 1021

**COMMONWEALTH of Pennsylvania**

v.

**David A. DELL.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 1981.

Filed July 9, 1982.

388

John D. Finchbaugh, Assistant Public Defender, York, for appellant.

Thompson J. McCullough, Assistant District Attorney, York, for Commonwealth, appellee.

Before BROSKY, McEWEN and BECK, JJ.

BECK, Judge:

Appellant was charged with homicide by vehicle,[1] driving under the influence of alcohol,[2] and failing to stop at a stop

1.  75 Pa.C.S. § 3732.

2.  75 Pa.C.S. § 3731.

sign.[3]  The charges arose from a fatal collision in which appellant's vehicle collided broadside in the middle of an intersection with a vehicle driven by the deceased.  After a non-jury trial, appellant was found guilty of homicide by vehicle and failing to stop at a stop sign.  He was found not guilty of driving under the influence of alcohol.  Post-trial motions were timely filed and denied, and appellant was sentenced to from six to eighteen months incarceration.

Appellant advances one argument:  the homicide by vehicle statute is unconstitutional in that it carries with it the possibility of a jail sentence without any finding of culpability.  That statute states:

> Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

75 Pa.C.S. § 3732.

This Court has recently reinterpreted the homicide by vehicle statute in *Commonwealth v. Koch*, 297 Pa.Super. 350, 443 A.2d 1157 (1982).  The *Koch* majority followed *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980) which supplied a culpability requirement for that statute.

The *Field* court held that "section 3732 requires the Commonwealth to prove that appellee has deviated from the standard of care established by section 3703, the underlying Vehicle Code provision allegedly violated here."  *Id.*, 490 Pa. at 524, 417 A.2d at 163 (footnote deleted).  *Field* stated that the culpability requirement of section 3703 "leaves for determination at trial *whether appellee knew, or should have known, he engaged in the conduct claimed to be in violation of that section.  Id.*, 490 Pa. at 525, 417 A.2d at 163 (emphasis added) (footnote deleted).  The text then states that the

3. 75 Pa.C.S. § 3323(b).

test is whether "a reasonable driver" in light of the circumstances should have been able to determine if he was violating the Vehicle Code provision.[4]

It is clear then that the *Field* court supplied a "reasonable driver" standard to situations where the underlying Vehicle Code provision did not explicitly state a culpability requirement. In *Koch*, this Court followed the *Field* analysis in the context of a violation of 75 Pa.C.S. § 3323, the same provision involved in the instant case. That is, did the driver know or should he have known that there was a stop sign at the intersection at which he failed to stop?

■ We view *Field* and *Koch* as binding precedent, and we therefore reject appellant's claim that the homicide by vehicle statute is unconstitutional because it presents the possibility of a prison term without a finding of culpability.[5]

The Supreme Court, in *Commonwealth v. Houtz*, 496 Pa. 345, 437 A.2d 385 (1981) interpreted its opinion in *Commonwealth v. Field* as a "legislative expansion" of criminal liability for Vehicle Code violations resulting in death:

This legislative "expansion" was accomplished not by the elimination of any of the elements of the crime of involuntary manslaughter, but by a relaxation of the degree of proof of two existing elements: culpable conduct and causation. The crime of involuntary manslaughter, as charged here, requires proof that the actor engaged in the Vehicle Code violation in a "reckless or grossly negligent

4. We note that the *Koch* majority, in following this "reasonable driver" approach, explicitly overruled those decisions of this Court applying either a criminal negligence or a strict liability standard to the homicide by vehicle statute. *Commonwealth v. Koch*, 297 Pa.Super. 350, 357, 443 A.2d 1157, 1161 (1982).

5. Four members of the seven judge en banc court deciding *Koch* agreed that we are bound by the Supreme Court's enunciation in *Field* of the culpability requirement of this statute, although one member of the majority expressed doubt about the constitutionality of the *Field* construction. (Two members of the original nine member en banc court did not participate in the decision.)

manner," and that the death was caused "as a direct result." 18 Pa.C.S. § 2504. See *Commonwealth v. Clowser*, 212 Pa.Super. 208, 239 A.2d 870 (1968). By contrast, under the crime of homicide by vehicle, it must be shown only that the actor "knew, or should have known," that he engaged in the conduct claimed to be in violation of the Vehicle Code, and that, at the very least, death was a "probable consequence" of the conduct. *Commonwealth v. Field*, 490 Pa. at 525, 417 A.2d at 163.

*Id.*, 496 Pa. at 349, 437 A.2d at 387.

■ We are troubled by the question of causality under the homicide by vehicle statute. Both *Field* and *Houtz* interpreted that statute as retaining the causality element of a strict liability offense. It must be shown therefore that "the actual result is a probable consequence of the conduct of the actor." 18 Pa.C.S. § 303(d). Judge Popovich noted in his dissenting opinion in *Koch* that "[u]nder the facts presented here, who could have predicted even that a collision would occur, much less a collision, bodily injury *and* death." *Koch*, 297 Pa.Super. at 374, 443 A.2d at 1169 (1982) (emphasis in original). The *Koch* majority declined to reach that issue because it was not raised on appeal. *Id.*, 297 Pa.Superior Ct. at 371 n.6, 443 A.2d at 1160 n.6. Since it was not raised in the instant appeal, we also leave that question for a time when it is properly before us.

Judgment of sentence is affirmed.

McEWEN, J., concurs in the result.