**Commonwealth v. Wintermyer**

76

. *Thomas L. Donahoe, assistant district attorney,* for the Commonwealth.

*John J. Sylvanus,* for defendant.

MILLER, *J.,* April 23, 1984—This matter is before the court on defendant's omnibus motion to dismiss the criminal complaints against him. We will refuse defendant's application.

On the early morning hours of November 2, 1983, the Newberry Township Police were called to the scene of a one-car accident on a highway known as the Old Susquehanna Trail near Newberrytown. The officers discovered defendant's automobile off the road after colliding with a bank on the other side of the road from the lane in which the vehicle had been traveling. From the skid marks on the roadway, it was obvious that the operator of the vehicle had lost control of the car. A female victim was found lying on the road surface and her four year old son was unconscious inside the vehicle. He was removed from the automobile by paramedics who arrived upon the scene and he died sometime thereafter at Memorial Osteopathic Hospital. Defendant approached one of the officers and identified himself as the driver of the vehicle. The officer noted a

strong odor of alcohol on defendant's breath. He further noted that defendant's eyes were bloodshot, glassy, and watery. The officer testified that defendant had some difficulty with his speech and hesitancy in the manner in which he walked to the police car. The officer testified that the circumstances caused him to conclude that defendant had been operating a motor vehicle while intoxicated. He thereupon placed defendant under arrest and transported him to a facility for the administering of a chemical breath test.

Defendant contends that the officer did not have probable cause to make the arrest and require defendant to undergo the chemical breath test. We disagree. It is true, as defendant contends, that the probable cause required for such an arrest must be based on the facts known to the police at the time of the arrest. It cannot be determined based on a retrospective view of circumstances by considering the ultimate outcome of the chemical analysis of the suspect's breath. Commonwealth v. Throckmorton, 241 Pa. Super. 62, 359 A.2d 444 (1976). We are satisfied, however, that probable cause did in fact exist and that that probable cause was based upon the facts and circumstances clearly visible to the police at the time the arrest was made. The physical evidence showed that the driver had lost control of his car and that it had crossed into the wrong lane of traffic prior to leaving the highway altogether and colliding into a hillside. His physical appearance, the bloodshot, glassy and watery eyes, hesitant gait, hesitant manner of speaking, and strong odor of alcohol on his breath all corroborated the officer's suspicion that the defendant had been operating a motor vehicle while intoxicated and led him to the conclusion that such was the case. It is difficult to imagine how anyone could have reached any other

conclusion. Commonwealth v. Guiliano, 274 Pa. Super. 419, 418 A.2d 476 (1980).

Defendant further contends that 74 Pa. C.S. §3735(a) violates the provisions of the Constitution of the United States, Amendment XIV and the Constitution of the Commonwealth of Pennsylvania, Article 1, section 9, in that it denies defendant his due process rights by being impermissibly vague and unreasonable and in failing to provide standards by which a reasonable man may determine whether or not his conduct is proscribed by that statute. Again we disagree. It is true that statutes which impose criminal liability but fail to provide a standard by which a reasonable person can determine whether or not his conduct is prescribed thereby are impermissibly vague and violative of the due process rights of the accused under the 14th Amendment to the United States Constitution. Coleutti v. Franklin, 439 U.S. 379, 58 L.Ed.2d 596, 99 S. Ct. 675 (1979). Where an ascertainable standard is present in the statute, however, the violator whose conduct falls clearly within the scope of that standard cannot be heard to complain that the statute is unconstitutionally vague. Commonwealth v. Jackson, 281 Pa. Super. 310, 422 A.2d 184 (1984). Due process is satisfied if the prohibitive conduct is defined with reasonable precision. Upper Saucon Township v. Sandy, 70 D.&C.2d 227 (1975).

Section 3735(a) defines the crime of homicide by vehicle while driving under the influence of alcohol or controlled substance by requiring the offense to have occurred as a direct result of a violation of §3731 of the Motor Vehicle Code, and further requiring that defendant be convicted of violating that section and that the violation of that section be the cause of the death of the victim. The language of

the statute therefore provides an ascertainable standard by which the prohibited conduct can be judged. It therefore is sufficient to meet defendant's challenge that it is impermissibly vague. Defendant further argues that the statute creates a situation in which the actor's nonintentional conduct can, without his knowledge, create criminal liability. This issue has already been decided adversely to defendant by our appellate courts. Commonwealth v. Gotto, 306 Pa. Super. 434, 452 A.2d 803 (1982); Commonwealth v. King, 298 Pa. Super. 499, 444 A.2d 1294 (1982). It is clear from the holding of those cases that a statute is not rendered unconstitutional by its creation of criminal liability where a person unintentionally causes the death of another person while engaged in the violation of any law of the Commonwealth or a municipal ordinance applying to the operation or use of a vehicle.

Defendant further contends that the Commonwealth, by creating the crime of Homicide by Vehicle While Driving Under the Influence, has invidiously discriminated against a class of persons, those driving under the influence. As in the case of defendant's due process challenge to the act, our analysis of the constitutionality of the statute must begin with the strong presumption of constitutionality and the heavy burden of one that challenges the constitutionality of an act of the General Assembly. Commonwealth v. Mikulan, 504 Pa. 244, 470 A.2d 1339 (1983). Defendant argues that the Equal Protection Clause of the 14th Amendment to the Constitution of the United States prohibits a state from making a classification for the purpose of discriminating between two classes of persons unless the classification is based upon some reasonable ground. Defendant further contends that there

must be some difference between the two classifications which bears a just and proper relation to the attempted classification rather than a mere arbitrary selection. Halter v. Nebraska, 205 U.S. 34, 51 L. Ed. 696, 27 S. Ct. 419 (1907).

The legislature has enacted two provisions in the Motor Vehicle Code which relate to the causing of death by a violation of traffic regulations. Section 3732 of the Motor Vehicle Code creates the offense of homicide by vehicle, a misdemeanor of the first degree. Section 3735 creates the offense of homicide by vehicle while driving under the influence of alcohol or controlled substance and makes that offense a felony of the third degree. Defendant argues that the ultimate harm to be prevented is the death of innocent individuals caused by the violation of traffic regulations. He further contends that whether the violation is alcohol related or not has no effect on the goal to be achieved by the legislation and is, therefore, not based on a rational scheme of classifications. Helms v. Jones, 621 F.2d 211 (Fifth Circuit 1980).

It is important to note that while a difference in treatment of two classes must have rational support, it does not follow that every difference in treatment amounts to a denial of equal protection. Jefferson v. Hackney, 406 U.S. 535, 92 S. Ct. 1724, 32 L. Ed. 2d 295 (1972); Commonwealth v. Staub, 461 Pa. 486, 337 A.2d 258 (1975). The criminal offense created by §3732 may be committed by a driver who commits only a summary offense such as a violation of the speed limit, right-of-way provisions of the Motor Vehicle Code, or municipal ordinances. We cannot close our eyes to the nationwide problem of the drunken driver. The carnage on our highways amply supports the intended goal of this legislation,

that is, to discourage the impulse of drivers to drive a motor vehicle while intoxicated in such a manner as to cause death to other persons lawfully using the highways. The law does not recognize voluntary intoxication as a defense to a criminal charge. The theory is that when a person voluntarily ingests alcoholic beverages, he or she does so knowing that intoxication is the probable result of overindulgence. The laws of a free society must impose upon its citizens the responsibility of being accountable for their own conduct. There is simply no way that society can hold the hand of the social drinker and tell him when he is under the influence of alcohol to such a degree that he is incapable of safe driving. If a person chooses to imbibe alcoholic beverages to such a degree and then to operate a motor vehicle, he cannot complain that he is being unfairly treated when he is held accountable for the injury to or death of other persons. We are satisfied that the different classifications set in the Motor Vehicle Code in §3732 and §3735 are rationally related to a legitimate state purpose, that is, safety on the highways and the prevention of homicide by drivers who are driving under the influence of alcohol or controlled substances. We therefore hold that the statute in question, 75 Pa. C.S. §3735, is constitutional and does not violate the Equal Protection Clause of the Constitution of the United States of America.

Having concluded that defendant's pre-trial motions are without merit, we enter the following

ORDER

And now, this April 23, 1984, defendant's omnibus pre-trial motions are overruled and refused.