498 A.2d 1358

**COMMONWEALTH of Pennsylvania**

v.

**Michael DIXON, Appellant.**

Superior Court of Pennsylvania.

Argued April 16, 1985.

Filed Oct. 4, 1985.

John J. Kerrigan, Jr., Newtown, for appellant.

Stephen B. Harris, Assistant District Attorney, Warrington, for Commonwealth, appellee.

Before WICKERSHAM, BECK and CERCONE, JJ.

WICKERSHAM, Judge:

Michael Dixon appeals from the judgment of sentence imposed upon him by the Court of Common Pleas of Bucks County after a jury found him guilty of driving under the influence of alcohol[1] and homicide by vehicle while under the influence of alcohol.[2] These charges arose out of a motor vehicle accident involving appellant, which resulted in the death of Nanette Humphreys.

1. Act of June 17, 1976, P.L. 162, No. 81, § 1, as amended by the Act of December 15, 1982, P.L. 1268, No. 289, § 9, 75 Pa.C.S. § 3731.

2. Act of December 15, 1982, P.L. 1268, No. 289, § 11, 75 Pa.C.S. § 3735.

The evidence indicates that the accident occurred on Second Street Pike, a two lane highway in Upper Southampton Township, Bucks County, on February 14, 1983. Although there had been a recent heavy snowfall, the road surface was clear; it was wet, but not slippery. The snow was plowed into banks on the sides of the road.

Appellant, driving a dark-colored Ford, was headed south on Second Street Pike at approximately 50–60 miles per hour in a 40 miles per hour zone. Appellant's vehicle struck the 1976 Mazda driven by Nanette Humphreys as she attempted to make a right hand turn onto Second Street Pike from the driveway at the Bethanna Home. Ms. Humphreys died several days later.

Several witnesses testified that appellant had been driving erratically immediately prior to the accident. Furthermore, the investigating police officer observed that appellant appeared to be intoxicated, his breath smelled of alcohol, and his vehicle was littered with beer cans. The officer arrested appellant for driving under the influence of alcohol and transported him to the police station. A breathalyzer test revealed that appellant had a blood alcohol content of .20%. After Ms. Humphrey's death, appellant was also charged with homicide by vehicle while driving under the influence of alcohol.

On June 24, 1983, a jury found appellant guilty of both counts. The Honorable William Hart Rufe, III sentenced appellant to a term of imprisonment of not less than 36 months nor more than 72 months on the homicide by vehicle while under the influence of alcohol charge as mandated by 75 Pa.C.S. § 3735(a). Appellant received a concurrent term of 6 to 12 months imprisonment on the driving under the influence charge. Following judgment of sentence, appellant filed this timely appeal.

Appellant asks us to consider the following issues:

1. Was the evidence sufficient to convict [appellant] of violating 75 Pa.C.S. § 3735?

2. Does 75 Pa.C.S. § 3735 violate various provisions of the Federal and State Constitutions?

3.  Did the Trial Court err in failing to grant [appellant's] Requested Jury Instructions?

4.  Did the Trial Court err in admitting, over objection, the testimony of the victim's boyfriend and the victim's high school graduation picture?

5.  Did the Trial Court err in refusing the proffered stipulation of Dr. Fillinger's testimony?

Brief for Appellant at 2.

We find that appellant's contentions are meritless and therefore affirm the judgment of sentence. The opinion of the Honorable William Hart Rufe, III, dated October 12, 1984, correctly disposes of issues three, four, and five. We need not discuss them further herein.

In his first issue, appellant claims that the evidence was insufficient to convict him of homicide by vehicle while under the influence of alcohol.

> In testing the sufficiency of the Commonwealth's evidence, we proceed in several steps. First, we accept as true all the evidence upon which the finder of fact could properly have reached its verdict. Next we give the Commonwealth the benefit of all reasonable inferences arising from that evidence. And finally, we ask whether the evidence, and the inferences arising from it, are sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. This inquiry is bounded by two poles. On the one hand, the Commonwealth does not have to establish guilt to a mathematical certainty and may in a proper case rely wholly on circumstantial evidence. On the other hand, guilt must be proved; mere conjecture or surmise is not sufficient. *Commonwealth v. Herman*, 271 Pa.Super. 145, 148–49, 412 A.2d 617, 619 (1979).

*Commonwealth v. Maldonado*, 343 Pa.Super. 154, 494 A.2d 402, 404 (1985).

It is clear that when viewed in the light most favorable to the Commonwealth, the evidence in the case at bar

is more than sufficient to support the verdict. While appellant does not seriously contest the fact that he was under the influence of alcohol at the time of the accident or that Ms. Humphreys' death was a result of the collision, he contends that the Commonwealth did not prove that his state of being under the influence of alcohol was the cause of the accident. We disagree. The Commonwealth presented evidence that appellant was driving erratically immediately prior to the collision. There was also testimony as to the excessive speed of appellant's vehicle, his failure to brake at the time of the accident, and other indications of his reckless and erratic driving. We find that there was more than sufficient evidence from which the jury could determine that appellant's intoxicated state caused the accident.

In his second issue, appellant raises a number of questions as to the constitutionality of the new drunk driving law. Many of these objections have been analyzed and rejected by the Pennsylvania Supreme Court in *Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983) and by this court in *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 488 A.2d 293 (1985). We need not further elaborate on the issues addressed in those opinions. We will, however, briefly discuss two other "constitutional" arguments raised by appellant.

Appellant contends that 75 Pa.C.S. § 3735 is void for vagueness because the legislature failed to define the phrase "when the violation is *the* cause of death." Although the constitutionality of this language as contained in section 3735 has not been discussed by any appellate court, the Pennsylvania Supreme Court has decided that identical language in 75 Pa.C.S. § 3732 (homicide by vehicle) is not unconstitutionally vague. *Commonwealth v. Burt*, 490 Pa. 173, 415 A.2d 89 (1980). In *Burt* our supreme court stated:

> It is a fundamental principle of due process that a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute, ... or is so indefinite that it

encourages arbitrary and erratic arrests and convictions, ... is void for vagueness.

*     *     *     *     *     *

The fact that [the legislature] might without difficulty have chosen clear and more precise language equally capable of achieving the end which it sought does not mean that the statute which is in fact drafted is unconstitutionally vague.... Rather, the requirements of due process are satisfied if the statute in question contains *reasonable* standards to guide the prospective conduct.

Here it is clear that section 3732 contains entirely reasonable standards. With unmistakable clarity, section 3732 defines "homicide by vehicle" as a death caused by any person's conduct violating law or municipal ordinance applying to vehicles or traffic regulation. This section does not employ "ambiguous" words, "archaic classifications," or words with "numerous and varied" meanings.... Accordingly, any vagueness challenge must be rejected.

*Id.,* 490 Pa. at 177–179, 415 A.2d at 91–92 (quotations, citations, and footnote omitted).

Similarly, in *Commonwealth v. Field,* 490 Pa. 519, 417 A.2d 160 (1980), the Pennsylvania Supreme Court rejected another challenge to the constitutionality of the causation element of the homicide by vehicle statute, section 3732. In *Field,* the court held that under section 3732 the Commonwealth must show "that the actor 'knew, or should have known,' that he engaged in the conduct claimed to be in violation of the Vehicle Code, and that, at the very least, death was a 'probable consequence' of the conduct." *Commonwealth v. Houtz,* 496 Pa. 345, 349, 437 A.2d 385, 387 (1981), *quoting Commonwealth v. Field, supra.*

We believe that the reasoning of the *Burt* and *Field* opinions, interpreting the causation language of section 3732, is equally applicable to the identical language contained in the statute in question in the case at bar, section 3735. As the lower court correctly stated, "[T]he Common-

wealth has demonstrated that [appellant] 'knew or should have known' that he was violating the law prohibiting driving under the influence, that he nevertheless drove a car and could foreseeably be involved in an accident resulting in a death." Lower ct. op. at 19. Thus, we believe that the causation element of section 3735 is not unconstitutionally vague.

Appellant's remaining argument is that his conviction under section 3735 is constitutionally infirm since, had this been a civil suit, it is unclear whether civil liability would attach. As the lower court aptly stated: "This argument requests this court to render an opinion on a hypothetical fact situation which is not presently before the court. Further, due to the different applicable rules on permissible evidence, defenses permitted and standards of proof, this argument is inappropriate." Lower ct. op. at 19. We agree. We have already found that the evidence was more than sufficient to convict appellant of homicide by vehicle while under the influence of alcohol. We will not decide the possible outcome of a hypothetical civil suit. Furthermore, the outcome of such a suit is irrelevant to the instant case.

Because we find that appellant's issues are meritless, we affirm the judgment of sentence.

Judgment of sentence affirmed.