520 A.2d 1189

**COMMONWEALTH of Pennsylvania**

**v.**

**Steven H. EWANSIK, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1986.

Filed Feb. 2, 1987.

Stanley W. Greenfield, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CIRILLO, President Judge, and ROWLEY and POPOVICH, JJ.

CIRILLO, President Judge:

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Allegheny County. Following a trial by jury, appellant was convicted of homicide by vehicle, 75 Pa.C.S. § 3732. Post-trial motions were denied, and appellant was sentenced to eleven and one-half to twenty-three months' imprisonment, and probation for three years following parole. We reverse and remand for a new trial.

The first issue [1] appellant presents for our consideration is whether the trial court erred in refusing to instruct the jury in accordance with this Court's decision in *Commonwealth v. Heck*, 341 Pa.Super. 183, 491 A.2d 212 (1985), *appeal granted*, 509 Pa. 535, 505 A.2d 251 (1986). The trial court, in refusing appellant's points for charge based upon *Heck*, stated: "I don't particularly like the [vehicular homicide] law, but I am convinced that the Appellate Courts are not going to strike this law down, and I just don't think that *Heck* is ultimately going to hold water. So I'm not going to follow it in charging the jury."

In *Heck*, a unanimous panel of this Court held that a conviction for vehicular homicide based upon a defendant's ordinary negligence in violating a traffic law, where the violation was neither knowing nor criminally negligent,

---

1. Given our disposition of appellant's first issue, we need not address the remaining issue.

violates the due process clause of our Constitution. Therefore, in order to convict someone of vehicular homicide, the Commonwealth must prove that the defendant acted in a *criminally negligent* fashion. We defined criminal negligence as:

criminal negligence involves a *gross* deviation from reasonable care such that it would be shocking to allow the actor's lack of awareness to excuse his actions in the circumstances. The criminally negligent act has been done so heedlessly, so indifferently, and so grossly contrary to common experience that it becomes intolerable to reasoning minds that the actor did not perceive the risk of harm created by his conduct. In such cases the law presumes wantonness even though the circumstances do not allow proof beyond a reasonable doubt of the actor's subjective awareness of wrongdoing. "Criminal negligence" is a breach of duty so flagrant in the circumstances that we may safely indulge the legal fiction that it was committed with actual intent to injure; it is far from mere ordinary negligence or inadvertence; it is "great" negligence incompatible with a proper regard for human life.

*Heck*, 341 Pa.Super. at 209–10, 491 A.2d at 225 (citations omitted).

On the basis of our holding in *Heck*, the trial court was required to charge the jury on the applicable standard of care, criminal negligence. However, because of the judge's disagreement with the *Heck* decision, and because he felt that the case would eventually be reversed, he refused to so charge the jury. This is clearly error.

It has long been the law of this Commonwealth that: a lower court has no right to ignore the latest decision of the Superior Court of this Commonwealth on an issue which has been squarely decided. Until that decision should be over-ruled by the Superior Court itself or over-ruled by the Supreme Court, it is still the law of this Commonwealth, regardless of the decisions of any other court in the country, including the Federal courts.

*Townsend Trust,* 349 Pa. 162, 168, 36 A.2d 438, 441 (1944) (per curiam); *accord Commonwealth v. Acquaviva,* 187 Pa.Super. 550, 145 A.2d 407, *aff'g per curiam* 14 Pa.D. & C.2d 285 (Lawrence County Ct. Quarter Sess.1958), *appeal dismissed,* (Pa. Jan. 13, 1959); *see also Baker v. Aetna Casualty & Sur. Co.,* 309 Pa.Super. 81, 454 A.2d 1092 (1982), *appeal denied,* (Pa. Dec. 29, 1983). The trial judge's disagreement with a particular rule of law, or belief that a decision which is currently the law of Pennsylvania might be reversed, is no reason for disregarding a clearly controlling precedent.

The trial judge's attempt to justify his decision by finding that *Heck* is "at variance" with *Commonwealth v. Houtz,* 496 Pa. 345, 437 A.2d 385 (1981), and *Commonwealth v. Field,* 490 Pa. 519, 417 A.2d 160 (1980), flies in the face of *Heck* 's determination that those Supreme Court cases did not decide the issue whether ordinary negligence was an unconstitutional standard of culpability in a vehicular homicide case. This Court in *Heck* carefully considered the holdings in *Houtz* and *Field, see Heck,* 341 Pa.Super. at 190–92, 491 A.2d at 215–16, and determined that, although those cases had settled that simple negligence was the level of culpability established by the vehicular homicide statute, they had not involved constitutional challenges to that level of culpability based on due process grounds. We specifically addressed the argument now adopted by the trial judge, and rejected it, finding that

> neither *Field* nor [*Commonwealth v. Koch,* 297 Pa.Super. 350, 443 A.2d 1157 (1982) ], nor any other case has ... decided appellant's remaining contention that it violates substantive due process to impose liability under the vehicular homicide statute upon a mere showing of ordinary negligence. *Field* and *Koch* held that because the crime contains an element of fault, the statute could not be constitutionally challenged for imposing *liability without* fault. *See also Commonwealth v. King,* 298 Pa.Super. 499, 444 A.2d 1294 (1982). The separate question now to be decided is whether the element of fault defined in those decisions passes constitutional muster in the case

at bar. The constitutionality of premising liability for vehicular homicide on ordinary negligence was not raised in either *Field* or *Koch,* which leads us to conclude that the question remains open. *See Jameson v. Pittsburgh,* 381 Pa. 366, 113 A.2d 454 (1955) (portions of statute previously construed by Supreme Court could be found unconstitutional where constitutional issue neither raised nor passed upon in prior case). Our conclusion is the same one reached by our eminent President Judge (then Judge) Spaeth, who in his concurring opinion in *Koch, supra,* opined that the *Field* decision had not decided nor precluded a due process challenge to liability for vehicular homicide based on ordinary negligence. *See also* [*Commonwealth v. Dell,* 301 Pa.Super. 387, 447 A.2d 1021 (1982) ] (opining that *Field* 's determination of causation element of vehicular homicide did not preclude later challenge to that element) (dictum). Thus we proceed to the merits of the substantive due process issue.

*Heck,* 341 Pa.Superior Ct. at 196–97, 491 A.2d at 219.

On the merits, we found that liability for vehicular homicide based on mere negligence violated a defendant's right to due process of law under the law of the land clause of the Pennsylvania Constitution, art. 1, § 9. Having thus interpreted the law of Pennsylvania, this Court is not subject to the second-guessing of the courts of common pleas as to whether our analysis of the Supreme Court's opinions was correct. Unless and until the *Heck* Court's interpretation of the state constitution is reversed or overruled by a state court competent to do so, the courts of common pleas are obligated to apply our ruling as the law of the state.

Therefore, we find that the trial court erred in failing to charge the jury in accordance with the controlling law of *Commonwealth v. Heck.* Consequently, we must remand for a new trial with the direction that the trial court follow the dictates of *Heck.*

Reversed and remanded for a new trial. Jurisdiction is relinquished.

POPOVICH, J., concurs in result.